## EBEN B. HUNTING *vs.* CONRAD WALTER.

### *Appeal — Purchaser released on the ground of a Mistake.*

No appeal lies from an order rescinding an order finally ratifying a trustee's sale, both orders having been passed during the same term.

A purchaser at a trustee's sale, bought under the impression and belief that he was buying the property free from all incumbrance, except a ground rent, and paid a portion of the purchase money. On application by the purchaser to have the sale set aside on the ground that there was a prior incumbrance on the property, and that he had purchased under mistake, it was HELD:

That he was entitled to be released from the purchase, and to have the sale set aside.

APPEAL from the Circuit Court of Baltimore City.

On the 18th of February, 1869, Charles H. Wood executed to the appellant a mortgage of certain property on Pratt street, to secure the payment of $1,433.96 and interest. On the 30th of November, 1869, on the petition of the appellant, the Circuit Court passed a decree for the sale of the property. On the 24th of December, 1869, the trustee, after having given the usual notice by advertisement, sold the property to the appellee for $800. On the 3d of January, 1870, the Court ratified the sale *nisi,* and on the 7th of February following, the order of final ratification was passed. The purchaser having refused to comply with the terms of sale, the trustee, on the 12th of February, applied to the Court for an attachment to compel compliance. On the 21st of February, the purchaser answered the application of the trustee. In his answer, he stated that he, at the sale, bid $800 for the property, supposing he was buying it "subject to the incumbrance of ground rent only;" that he had previously heard there was a prior mortgage on the property, but supposed that

the money for which the property was then to be sold, was to be applied in paying off all the incumbrances on the same, except the ground rent; that after the sale, and after he had paid $50 to the auctioneer, the trustee told him he had bought the property subject to all incumbrances, which, if he had known before, he would not have made the bid; that $800 was a fair price for the property; and to hold him to the bargain would compel him to pay $1300 for the house, which he had not the means of doing; that extreme hardship and gross outrage would be inflicted on him by compelling him to comply with the terms of sale. The respondent prayed to be released from the sale.

The evidence showed that the appellee became the purchaser under the impression and belief that he was buying the property free from all incumbrance, except the ground rent. After hearing, the Court, on the 26th of March, passed an order rescinding the order of final ratification, and annulling and setting aside the sale. From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, ALVEY and ROBINSON, J.

*Luther M. Reynolds*, for the appellant.

*Patrick M'Laughlin*, for the appellee.

BRENT, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Court below, passed the 26th of March, 1870. From so much of this order as rescinded the order finally ratifying the sale made by the trustee, there is no appeal, as the order was rescinded during the same term at which it had been passed.

An appeal, however, does lie from that part of the order, which annuls and sets aside the sale, and to this extent the appeal will be entertained.

Hunting *vs.* Walter.

The testimony satisfies us that the appellee, Walter, became the purchaser of a part of the property directed to be sold by the decree in this case, under the impression and belief that he was buying it free from all incumbrance, except the ground rent mentioned in the advertisement of sale. He so declares in his affidavit, and his acts, immediately after the payment of the fifty dollars to the auctioneer, confirm us in this impression. The value of the property sold, the testimony of Wood and Ould, and the statement of the trustee, all show that he was acting under a mistake. Upon the merits of the case, we think, with the Judge below, there can be no doubt. It would be a great wrong to hold a purchaser, who became such through a mistake, and in ignorance of the liabilities, he was incurring, to a strict compliance, unless some rule of law required it.

Until the final ratification, a sale, made by order of a Court of Equity, is an executory contract, open to objection, and will not be enforced, if it is inequitable and against good conscience to do so. As this case now stands, it is to be considered as if no order of ratification had been passed, the order of the Judge below rescinding it, being final and conclusive. The objection of the appellee to its ratification is, therefore, in time. The case of *Brown vs. Gilmore's Ex'r*, 8 *Md.*, 322, has no application to the one before us. In that case, there was an order of final ratification regularly passed, and the Court determined that the objection of the appellant having been filed after the order, even if well founded, came too late. This doctrine cannot be applied to the present case, and being satisfied that the appellee has an equitable claim to be released from the purchase in question, the order of the Court below setting aside and annulling the sale will be affirmed.

*Order affirmed.*

(Decided 29th June, 1871.)