(Decided 10th May, 1876.)

---

Rezin F. B. Warehime and Helen Warehime, his Wife *vs.* The Carroll County Building Association, No. 1, of Manchester.

*Jurisdiction of Chancery Courts in cases of Foreclosure of Mortgages—Case where the Notice of Sale of Mortgaged premises, as prescribed in the Mortgage, is impossible.*

The power to foreclose after default, is one of the ordinary powers of a Court of Chancery, existing independently of the consent of the mortgagor or the provisions of the mortgage.

Art. 64, sec. 5, of the Code, provides for the insertion in mortgages of an assent by the mortgagor to a sale by the mortgagee, or his attorney, on default being made in any of the conditions of the mortgage.   Sec. 7 provides that "in all sales made in pursuance of such authority, there shall be given such notice as may be stated in such mortgage, or if there be no agreement as to notice, then the party offering the same for sale shall give twenty days notice of the time, place and terms thereof by advertisement in some newspaper printed in the county where the mortgaged premises lie, if there be one

Warehime and Wife *vs.* Carroll County Build. Assoc., &c.

so published, and if not, in a newspaper having a large circulation in said county, and also by advertisement set up at the court house door of said county." Sec. 8 provides, that "all such sales shall be reported under oath to the Court having chancery jurisdiction where the sale is made, and there shall be the same proceedings on such report as if the same were made by a trustee under a decree of said Court. A mortgage containing the assent thus authorized, prescribed the terms of sale to be "one-half cash and the balance in six months, with interest, upon giving twenty one days notice of the time, terms and place of sale by advertisements *every other day in some newspaper published in Carroll County.*" Default having been made by the mortgagor the property was sold by the mortgagee. At the time of the execution of the mortgage, and at the time of the sale, *there was no daily newspaper published in Carroll County,* but only two weekly newspapers. HELD :

1st  That the mode of notice prescribed in the mortgage being impossible, the spirit of the law, if not its letter, authorized the adoption of the mode and measure of notice prescribed in the seventh section.

2nd. That in the cases of sales under powers in mortgages, the trust commences with the filing of his bond by the party making the sale.

3rd. That the power of sale given in this case was in the nature of a trust, which a Court of equity would not permit to fail because of the inability of the trustee to execute it *"modo et forma."*

In the above case notice of the sale was given by advertisement inserted in a weekly paper published in the county once a week, for four successive weeks preceding the sale, and by hand-bills. HELD :

That there being no evidence that any injury had been done by the non-compliance with the terms prescribed, and the mode of advertisement resorted to being all that was practicable, giving ample and reasonable notice, the sale should be ratified.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*J. A. C. Bond,* for the appellants.

33                            v. 44.

*Charles B. Roberts* and ·*Wm. Walsh,* for the appellee.

Bowie, J., delivered the opinion of the Court.

The appellants, on the 31st of October, 1870, executed a mortgage to the appellee, "The Carroll County Building Association, No. 1, of Manchester," a duly incorporated body corporate. The mortgage recited that the mortgagor, Rezin .F. ·B. Warehime, being a member of the corporation, had received from it an advance of six hundred dollars on his shares of stock ; in consideration of which, he conveyed certain lots of ground to the mortgagee and covenanted to pay the mortgagee and its assigns, certain weekly instalments, and the interest on said six hundred dollars, and all fines, etc., in accordance with the Act of incorporation, etc. The mortgagors consented that a decree might be passed for the sale of said property, the sale· to take place after a default in any of the conditions of the mortgage should have continued for six weeks, under the provisions of the Maryland Code, or any supplement thereto, or the mortgage might be foreclosed under any law or laws of the State, intended to facilitate the regular or extra judicial proceedings on mortgages, as fully and in the same manner as if special assent and powers were thereby given and granted. And the mortgagee, or its attorney, D. H. Roberts, was thereby authorized to sell the said property, in case of default by the said mortgagor, in any of the conditions of the mortgage, "for one-half cash, and the balance in six months, with interest, upon giving twenty-one days notice of the time, terms and place of sale, by advertisements, *every other day, in some* newspaper published in Carroll County."

On the 21st of January, 1875, the mortgagee filed with the clerk of the Circuit Court for Carroll County, its bond, which was duly approved by the clerk.

The mortgagee, by its president, reported to the Court that through its president, it did, pursuant to the power

vested in it by the mortgage, and after giving bond for the faithful discharge of its trust, as required by law, and giving notice of the time, place, manner and terms of sale, by advertisement in the Democratic Advocate, a newspaper printed and published in the City of Westminster, in Carroll County, *for more than twenty-one days before the day of sale, (the said advertisement having been published in said paper for four successive weeks prior to the day of sale, and by handbills, etc.,)* sell the property for six hundred and ten dollars, to the highest bidder, on the terms expressed in the mortgage," etc.

The mortgagors filed objections to the sale, which being overruled, an appeal was prayed to this Court.

Several grounds of exception to the sale were assigned below.

1st. That the sale reported, was not authorized by the power of sale contained in the mortgage.

2nd. Because the terms of the power of sale, contained in the mortgage, were not observed or pursued in making the sale.

3rd. Because the proceedings were irregular, etc.

4th. Because the price was inadequate.

None of these objections, except the second, were pressed below, and nothing has been presented upon the hearing of this appeal, beyond the insufficiency of the notice of sale by advertisement, compared with the provisions of the power which, it is insisted, have not been complied with.

There is no evidence in the record showing the mode or time of the advertisement of the property, beyond the statements of the trustee, contained in his report; but an agreement of counsel appears, stating the facts agreed on, in connection with the advertisement of sale, which is as follows, viz., "That the mortgagee advertised the property for sale in the 'Democratic Advocate,' a weekly newspaper published in Carroll County, Md.; that the publication of notice of sale was inserted once in each week for four

successive weeks, making four insertions in all, and by handbills posted and circulated, as stated in the report of sale, and that there is no daily paper published or printed in Carroll County, and that there are none other than two weekly newspapers published in said county, and that there were none other at the time of the execution of the mortgage in this cause, nor at the time of the advertisement." From this it is apparent, a literal compliance with the terms prescribed in the mortgage, as to the mode of advertisement, was impossible.

The modes of proceeding to collect the money, after default, consented to by the mortgagor, are, 1st. A decree for the sale of the property, under the provisions of the Maryland Code, or any supplements thereto, or 2ndly. the mortgage may be foreclosed under any law or laws of the State, intended to facilitate the regular or extra-judicial proceedings on mortgages, as fully and in the same manner as if special assent and powers were hereby given or granted. 3rdly. the mortgagee or its attorney, D. H. Roberts, is authorized to sell upon the terms prescribed, upon giving twenty-one days notice of the time, terms and place of sale, by advertisements, *every other day*, in some newspaper published in Carroll County.

There is no provision in the Code of Public General Laws of this State, authorizing a decree for sale of mortgaged premises upon mere consent expressed in the mortgage, *before default*. The power to foreclose after default, is one of the ordinary powers of a Court of Chancery, existing independently of the consent of the mortgagor, or the provisions of the mortgage.

The only power then conferred by the mortgage, is the power of sale vested in the mortgagee or its attorney, by the last clause of the instrument.

This power is a statutory power, authorized by the fifth section of 64th Article of the Code of Public General Laws, which provides, "In all mortgages there may be inserted

a clause authorizing the mortgagee, or any other person to be named therein, to sell the mortgaged premises, whether lands or goods and chattels, upon such terms, and on such contingencies as may be expressed therein."

Speaking of similar powers conferred by the Act of Assembly from which this provision of the Code is derived, (1826, ch. 296,) in the case of *Wilson vs. Watts*, 9 *Md.*, 459, this Court said, "Although under that Act the authority to sell is derived from the bond of the trustee, and the power of attorney executed by the mortgagee, and not, primarily, under a decree of the Court of Equity, as in other cases, *yet the jurisdiction of the Court becomes complete on the report of sale.* When this is once made, the equitable cognizance of the Court obtains, and thereafter equitable principles, such as are applicable to sales under decrees in Chancery, control the disposition of the case, and, according to these, it is well established practice for Courts of equity to ratify sales made without public notice, whenever the parties in interest shall signify, in writing, their assent to such a purpose."

In the more recent case of *Cockey vs. Cole*, 28 *Md.*, 282, where the jurisdiction of the Court was questioned upon the ground of informality in the bond of the trustee, this Court held, "The Court in which the proceedings took place was not one of special or limited jurisdiction, but of general common law and chancery powers. Foreclosure of mortgages and the execution of trusts, were subject-matter peculiarly within its jurisdictional power; and the statute simply provided a summary mode for the exercise of an ordinary jurisdiction. Instead of a regular proceeding for foreclosure, the agreement of parties as expressed in the power contained in the deed of mortgage, is substituted for a decree of sale, and upon report to, and final ratification by, the Court, the sale has all the judicial sanction that it could have on mere formal proceeding. By the very terms of the 8th section of the (64th) Article of the

Code, already referred to, the general chancery jurisdiction of the Court is evoked and brought into active exercise; for it is therein provided that all such sales shall be reported under oath to the Court, having chancery jurisdiction where the sale is made, and there shall be the same proceedings on such report as if the same were made by a trustee, under a decree of the Court.   This, therefore, is not the case of special and extraordinary powers given by statute to a Court in relation to a subject-matter of which such Court *has no jurisdiction independent of the statute,* and which derives its authority to act *entirely from the statute* giving the power, and prescribing the mode of proceeding.   In such case, to render valid the exercise of the power given, all the requisites of the statute must be strictly complied with.   But the provisions of the statute upon which the proceedings in question were founded, profess to give no new jurisdiction, but only to prescribe a summary mode for the exercise of jurisdiction over the subject-matter, of which the Court had full and ample cognizance, independent of the statute provision."

Assuming that the consent of the mortgagor, that the mortgagee or its attorney may sell, in case of default in any of the conditions of the mortgage, upon the terms specified, upon giving notice, etc., is substituted for a decree to that effect, and the jurisdiction of the Court is original and independent of the Code, what would be the action of a Court of equity in a case like the present, where the mode of notice was at the time of the execution of the instrument, and afterwards, wholly impracticable, and incapable of being literally complied with?

Is the power to be annulled because one of its incidents cannot be exactly fulfilled?   Impossible conditions are void.

In the seventh section of Art. 64, Code of Public General Laws it is enacted, "in all sales made in pursuance of such authority, there shall be given such notice as may be stated

in such mortgage, or if there be no agreement as to notice, then the party offering the same for sale, shall give twenty days notice of the time, place and terms thereof, by advertisement in some newspaper printed in the county where the premises lie, if there be one so published, and if not, in a newspaper having a large circulation in said county, and also by advertisement set up at the court house door of said county."

There is no essential difference in effect between a mortgage which omits an agreement as to notice, and one which inserts an impossible mode of notice. Virtually, there is no provision as to notice in either case, and the spirit of the law, if not its letter, authorizes the adoption in such cases, of the mode and measure of notice prescribed by the seventh section.

We are aware that a departure from what are called "mere modal regulations," as to notice of time, place and manner of sale, is not approved in the cases of sales under decrees, without first attempting to execute the decree in the mode prescribed. See *Glenn vs. Wootton*, 3 *Md. Ch. Dec.*, 516, *et seq.*

But in those cases, the terms were such as could have been literally and exactly performed, and the trustee was in close connection with the Court, acting in pursuance of its order.

In the cases of sales under powers in mortgages, the trust commences with the filing of his bond; his report of sales is his first official intercourse with the Court, and its supervisory power then commences.

If the trustee under a power must first attempt a sale under such power before he can depart from the modal regulations, and then procure the sanction of the Court for such departure, the modal regulations must be such as were practicable, and might be complied with.

But in the present case, such preliminary effort at sale was impossible, and therefore the law would not require its performance.

There is no provision in the Code for the exercise by the Court of the power of revision, confirmation, ratification, or rejection of the sale, until it has been reported. It may well be doubted, whether, upon a mere report that the terms of sale were impracticable, or incapable of being complied with by the mortgagee, or on a petition to modify the terms, the Court would entertain jurisdiction without a sale being first actually made and reported. The result would necessarily be, that the advantage of a summary mode of collecting the mortgage debt would be lost, or the mortgagee remitted to the usual remedy by bill to foreclose or sell.

The power of sale given in this case, is in the nature of a trust, which a Court of equity would not permit to fail, because of the inability of the trustee to execute it *"modo et forma."*

In such cases, the substance, and not the form, is to be regarded.

The advertisement by handbills was a constant, continuous advertisement, supplementing the weekly insertions in the newspaper, and equivalent to advertisements "every other day," in some newspaper.

There is no evidence that any injury has been done by the non-compliance with the terms prescribed, and the mode of advertisement resorted to, being all that was practicable, giving ample and reasonable notice, we think the order of the Court below should be affirmed.

*Order affirmed.*

(Decided 12th May, 1876.)