Owen, J.
The sale by the sheriff was made, in all respects, in conformity to the provisions of the statutes. If *293 there was any reason why the sale should not have been confirmed, or why it should have been set aside, it is to be found in the fact that, after sale and before confirmation, the debtor, whose lands were sold, satisfied the decrees upon which they were sold.
Section 5398 (Rev. Stat.), provides that: “ If, upon the return of any writ of execution, for the satisfaction of which lands have been sold, it be found by the court, on careful examination of the proceedings of the officer, that the sale has been made, in all respects, in conformity to the provisions of this title, the clerk shall be directed to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands,” etc. It is maintained by the defendant in error that, the proceedings having conformed to the requirements of this enactment, there was no discretion in the court, and that it was its plain duty to confirm the sale and order a deed to the pui’chaser; and that, having paid the purchase money in full, he became invested with an interest in the land which could not be subsequently divested by any act of the debtor or of the court. If this construction of the provision above cited is to prevail, it will follow that in all cases where the purchaser is misled as to the title of the lands sold; in all cases where the lands are appraised at a sum far below their true value ; in all cases where, without the fault of either party to the proceedings, competition in bidding is prevented, whereby the sale is at a sacrifice; where the judgment is suspended by appeal after the sale; and in a variety of cases where a confirmation of the sale will work hardship and sacrifice, the court is powerless to avert the wrong by the easy and simple means of setting aside, or refusing to confirm the sale. Such a construction of the statute and of the powers of the court is not only against the common understanding of the profession, and at variance with the uniform practice of the courts, but we believe it is, both upon principle and authority, untenable.
It should be borne in mind that the primary object of the sale by the sheriff is to make the money due the creditor (Borer on Judicial Sales, § 20), and when this is accom *294 plished, there is no substantial reason why the proceedings should go farther. The purchase money paid at a sheriff’s sale is held by the officer making the sale “ as security that the purchaser will fulfill his contract in case the sale shall be confirmed by the court.” Welch, C. J., in Fiedeldey v. Diserens, 26 Ohio St. 314. “ The power of the court is limited to a confirmation or vacation of the sale, as to which they are to exercise sound legal discretion, and in which all parties— the plaintiff, the defendant, and the purchaser — may be heard.” Peck, J., in Trust Co. v. Gibbon, 10 Ohio St. 566. It will be found upon an examination of the authorities, that in states where confirmation is required, the purchaser obtains no vested rights until after the sale is confirmed, and if the confirmation (which depends upon the sound discretion of the court,) is refused, the ‘rights of the purchaser fall to the ground. Taylor v. Gilpin, 3 Met. (Ky.) 544; Hunting v. Walter, 33 Md. 60; Rorer on Judicial Sales, § 10; Sowards v. Pritchett, 37 Ill. 517; Fiedeldey v. Diserens, 26 Ohio St. 312. In the latter case it was held that: “ "When land is sold on execution or order of sale, and before continuation of sale by the court, the judgment or decree is satisfied by payment to the plaintiff, and the sale is therefore set aside, the officer making the sale is not entitled to poundage on the purchase money for which the land was so sold, the same not being “ money actually made and paid, within the meaning of the statute.”
In Bassett v. Daniels, 10 Ohio St. 617, judgment was rendered against the defendants, and an order of sale of real estate allowed. Notice of intention to appeal was entered. Sale was duly made by the sheriff under this order. The proceedings were regular. After report of the sale, the defendants perfected the appeal by bond. At the next term of court the purchasers moved for confirmation of the sale. Confirmation was refused and the purchasers prosecuted error.
The court say: “ An appeal perfected suspends all proceedings upon the judgment appealed from. An order confirming a sale of lands on execution and ordering the sheriff *295 to make a deed to tbe purchaser, is a part of the proceedings to enforce a judgment; and a sale of real estate made before an appeal bond is filed, will not be confirmed after the appeal is perfected.” If the order of confirmation is a part of the proceedings to enforce a judgment, and a proceeding which suspends the operation of the judgment will defeat the confirmation of a sale made under it, it is difficult to see why payment and satisfaction in full, which actually extinguishes the judgment, should be less operative to defeat a confirmation of the sale made under it.
Upon all the facts appearing by the record in this case, it was the duty of the court to refuse confirmation of the sale, and in its action in confirming it after the judgment had been satisfied in full, there was error.

Judgment reversed.