(Decided 27th March, 1889.)

---

ELIZABETH M. SCHAEFFER *vs.* FRANK A. BOND.

*Exceptions to Mortgagee's Sale—Effect of Misstatement by Auctioneer—Setting aside Sale.*

Where property is purchased under a mistake induced by the statement of the auctioneer who was conducting the sale for the vendor, the purchaser will not be held to his bid.

Certain mortgaged property was advertised for sale by the mortgagee acting under a power of sale contained in the mortgage. Before the sale was begun the auctioneer made the statement that the property would be sold free and clear of all incumbrances, and that

the purchaser would receive a good title thereto. On exceptions to the sale filed by the purchaser, on the ground that the property was subject to certain mechanics' liens, it was HELD:

1st. That the purchaser was entitled to have the sale set aside, notwithstanding an offer was made by the mortgagee to retain enough of the purchase money to pay off the liens.

2nd. That the purchaser's right to have the sale set aside was not affected by the fact that he was security upon a bond given to indemnify the mortgagee against said mechanics' liens.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Morton Schaeffer*, for the appellant.

*Alfred Hughes*, and *Thomas Hughes*, for the appellee.

STONE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City, setting aside a sale made by a mortgagee under a power of sale. The Court below, in an able and exhaustive opinion, decided that the purchaser should be relieved from his bid, under the facts in the case, and upon the facts disclosed by the record we find no error in its conclusion.

The attorney for the appellee, Bond, attended the sale, bid for the property, and it was struck off to him as purchaser.

Hughes, the attorney of Bond, testifies that "before the sale was begun the auctioneer made the statement that the property would be sold free and clear of all incumbrances, and that the purchaser would receive a good title thereto;" and he further testifies that he

would not have paid the price he did for the property if it had been sold subject to liens.

There can be no doubt, that if the appellee purchased this property under a mistake induced by the statement of the auctioneer who was conducting the sale for the appellant, that the purchaser will not be held to his bid. It would be a great wrong to hold a purchaser to a strict compliance who became such through a mistake, and in ignorance of his liabilities, and more especially when such mistake arose from the statements made at the sale by the auctioneer. *Bolgiano vs. Cooke,* 19 *Md.,* 375; *Hunting vs. Walter,* 33 *Md.,* 60.

We think the statements alleged to have been made by the auctioneer on the day of sale are substantially proven, and, unless there is something else in the case to prevent it, are sufficient to set aside this sale.

The appellant contends that the sale should be ratified because the mortgagee offered to retain enough of the purchase money to pay off the liens; and cites the case of *Speed vs. Smith,* 4 *Md. Ch. Dec.,* 299, in support of his contention. But that case does not sustain the position of the appellant, for the trustee in that case gave notice at the sale that there were liens, and, that enough of the purchase money would be retained to pay them off.

The appellant also contends that the appellee knew of the existence of these liens (mechanics' liens) that were upon the houses, and moreover, that he was security upon a bond given to the mortgagee to indemnify her against such mechanics' liens.

Now the appellee, Bond, admits that he had notice that such liens had been filed against the houses, and the attorney of Bond proves that he attended the sale supposing that there were mechanics' liens filed against the property, or some of it, and that it was a surprise to him to hear the announcement that there were no liens.

Schaeffer *vs.* Bond.

There is no dispute that the appellee, Bond, is a security on a bond given to the appellant to indemnify her against any mechanics' liens that might be filed against the houses.

But these facts do not materially affect the case. Bond sent his attorney to attend the sale, in order to look after his interest as such security, and when he heard the announcement made that there were no liens he might well have supposed that some arrangement had been made about the liens, and might well have supposed that the portion of the property that he bought was worth what he bid for it, if the title was free and clear, but not if any lien was upon it. Even if Bond thought the lien could not be enforced, still the fact that it was claimed was a cloud upon the title, and would have a material effect, if he wanted to resell the property, or raise money upon it by way of mortgage.

The ground rents upon the property were mentioned in the advertisements, but no other liens, and the auctioneer admits that he said these ground-rents were adjusted to the day of sale.

The whole question resolves itself into a narrow question of fact. If the auctioneer, before the sale, with or without the authority of the mortgagee, announced that the property would be sold free from all incumbrances or liens, except the ground-rents, taxes, &c., which were adjusted to the day of sale, and upon the faith of such announcement the appellee made the bid that he did, and it turned out that there were mechanics' liens upon the property,—and all this is positively sworn to by Hughes, the witness,—then the purchase by the appellee was made under *a mistake* induced by the auctioneer, who, in selling the property, was acting for the appellant, and it would be unjust to

hold the purchaser to his bid; and the order appealed from should be affirmed.

*Order affirmed.*

(Decided 27th March, 1889.)