### DUNCAN et al. v. GIRAND.

(Circuit Court of Appeals, Fifth Circuit. November 18, 1921.)

No. 3736.

Bankruptcy ⬥217(1)—Court held without power to enjoin foreclosure suit in state court.

A federal court *held* without authority at suit of a trustee in bankruptcy to enjoin prosecution in a state court to foreclose a mortgage given by third parties on real estate afterward purchased by bankrupts subject to the mortgage, where, while the trustee was made a party, no relief was asked against him.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

In Equity. Suit by W. G. Girand, trustee in bankruptcy of C. H. Butler and others, doing business as the Bank of Ranger, against T. W. Duncan and others. From an order granting an injunction, defendants appeal. Reversed.

J. M. Wagstaff, of Abilene, Tex., for appellants.
C. G. Whitten, of Abilene, Tex., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order enjoining appellants from further prosecuting a suit to foreclose a mortgage upon real estate brought in a state court in Texas. The injunction issued in response to the prayer of the bill filed January 3, 1921, by the trustee in bankruptcy, upon the following state of facts: May 14, 1918, one Richard Gray and Blanche Gray, his wife, executed a purchase-money mortgage to secure the payment of two notes of $4,000 each, payable two and three years after date, respectively. Interest was payable semiannually. The mortgagors covenanted to pay the taxes, and to keep the property insured, and also to pay the notes and interest when due, and that in case of any default the entire indebtedness should at once become due and payable together with an attorney's fee of 20 per cent. The mortgage was duly recorded. The taxes and insurance premiums were not paid. January 11, 1919, there was a payment of $2,000 on one

<hr>

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the notes, and interest on both notes was paid to November 14, 1919. The bankrupts, presumably prior to their bankruptcy, acquired the legal title, subject to the mortgage lien of appellants; and May 21, 1920, appellants filed suit to foreclose the mortgage against the original mortgagors. The trustee in bankruptcy, appellee here, was also made a party defendant. At his instance the foreclosure suit was continued at the October, 1920, term of court. Upon being informed that appellants desired to proceed with the foreclosure suit at the January, 1921, term, the trustee in bankruptcy brought this suit.

The mortgage created a valid lien which was not affected by the proceedings in bankruptcy. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. The right to enforce this lien by suit existed in favor of appellants only in the state court. No relief was sought against the trustee in bankruptcy. The trustee's title to mortgaged property is subject to the lien of the mortgage, and he is not obliged to take the title if the lien is a burdensome one. First National Bank v. Lasater, 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408. But, if the trustee desires to take the title, he can only do so by discharging the lien of the mortgage.

It was error to grant the injunction unless it was authorized by some law relating to proceedings in bankruptcy. R. S. § 720 (Comp. St. § 1242).

Section 23 of the Bankruptcy Act (Comp. St. § 9607) makes it clear that suits at law and in equity, "as distinguished from proceedings in bankruptcy," between trustees in bankruptcy and adverse claimants, were not withdrawn from the general jurisdiction of either State or federal courts. The general provisions of section 2 (7, 15) of the act (Comp. St. § 9586), empowering courts of bankruptcy to determine controversies in relation to the estates of bankrupts, and to issue all necessary orders, are relied upon by appellee to sustain the decree of the court below. It is not doubted that bankruptcy courts have power to protect their jurisdiction by writs of injunction. That power exists in all federal courts, notwithstanding section 720 of the Revised Statutes.

Section 11a of the act (Comp. St. § 9595) provides that a suit which is founded upon a claim from which a discharge would be a release may be stayed. Unless a suit is so founded, it was not intended that it should be stayed or enjoined. Metcalf v. Barker, supra.

No claim is made against the bankrupts in the foreclosure suit, and their discharge would not be a release from the lien of the mortgage. The claim which appellants are seeking to establish is against the original mortgagors, and cannot be affected in the slightest degree by the proceedings in bankruptcy.

It is apparent that the purpose of this suit is to prevent the collection of an attorney's fee if possible, and, if not, to prevent the collection of an amount as large as that contracted for. The right to an attorney's fee had accrued under the terms of the mortgage, by reason of the failure to pay taxes, insurance premiums, and interest. The bill does not offer to do equity, but insists upon being relieved

of an obligation which any court would be bound to recognize and enforce. We are of opinion that appellee should submit his rights to the state court.

The decree is reversed, and the cause remanded, with directions to dismiss the bill of complaint.