## In re HURLOCK.

District Court, D. Maryland. January 19, 1928.

No. 5016.

**1. Bankruptcy ⬤217(1)—Suit in state court to foreclose mortgage, commenced prior to filing bankruptcy petition, may not be interfered with by bankruptcy court.**

Suit in state court to foreclose mortgage, commenced before filing of petition in bankruptcy, may be prosecuted without interference by bankruptcy court.

**2. Bankruptcy ⬤213—Bankruptcy court may direct sale of mortgaged property by trustee, where state court has not previously acquired jurisdiction.**

Under the law of Maryland, by which a court of equity does not acquire jurisdiction of a proceeding for sale of mortgaged property under a power of sale until the sale has been made and reported by the mortgage trustee, on bankruptcy of the mortgagor, the sale not having been made, the bankruptcy court has jurisdiction to direct sale of the property by the trustee in bankruptcy.

In Bankruptcy. In the matter of Clarence S. Hurlock, bankrupt. On intervening petition of the Kent County Savings Bank. Petition dismissed.

P. Tevis Baker, of Aberdeen, Md., and Harrison W. Vickers, Jr., and R. Hynson Rogers, of Chestertown, Md., for trustee.

John D. Urie, of Chestertown, Md., for petitioner.

SOPER, District Judge. The Kent County Savings Bank filed an intervening petition for permission to foreclose divers mortgages, aggregating $24,400, held by it upon certain farms of the bankrupt in Queen Anne's, Cecil, and Kent counties, Maryland. No question is raised as to the validity of the mortgages or the default thereunder of the mortgagor. The trustees in bankruptcy, however, resist the application on the ground that there is an equity in the properties, and that the sales should be conducted by them. While there is great difference of opinion between the witnesses who testified on behalf of the mortgagee, on the one side, and those who testified on behalf of the trustees in bankruptcy, the court is of the opinion that there is an equity in the farms, and that the trustees should be allowed to make the sales, unless it is improper to do so by reason of certain proceedings which have already been instituted by the mortgagee.

[1] The mortgages contain a clause authorizing the mortgagee, or some other person named in the mortgage, to sell the mortgaged premises, in case of default, in accordance with the provisions of article 66, § 6 et seq., of the Maryland Code. Prior to the filing of the voluntary petition in bankruptcy, the mortgagee attempted to exercise the power of sale by filing an approved bond in the circuit courts of the counties in question, and advertising the premises for sale, but the sale was postponed pending the action of this court. It is well settled that, if a suit in a state court to foreclose a valid mortgage is commenced before a petition in bankruptcy is filed against the mortgagor, it may be prosecuted in the state court without interference from the court of bankruptcy. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; In re Gillette Realty Co. (C. C. A.) 15 F.(2d) 193 (9th Cir.); In re Iroquois Utilities Co. (C. C. A.) 297 F. 397 (2d Cir.); Duncan v. Girand (C. C. A.) 276 F. 554 (5th Cir.); Louisville Realty Co. v. Johnson (C. C. A.) 290 F. 176 (6th Cir.); Griffin v. Lenhart (C. C. A.) 266 F. 671 (4th Cir.); Ft. Dearborn Bank v. Smalley (C. C. A.) 298 F. 45 (8th Cir.). The rules of comity apply, and the first court to secure possession and custody of the property, through its officers, has exclusive jurisdiction to hear and determine all controversies in regard thereto.

It is necessary, therefore, only to determine whether the Maryland courts, by reason of the proceedings referred to, have acquired jurisdiction of the property; for, if this is the case, the bankruptcy court should not intervene, even though the farms are of such value that there is an equity in them over and above the mortgage indebtedness. The trustees claim, and the mortgagee does not dispute, that, although a bond had been filed and the properties had been advertised for sale before the petition in bankruptcy was filed, the state courts had not yet acquired jurisdiction of the foreclosure proceedings. It will be noted that steps had been taken to foreclose the mortgages under the powers of sale contained therein, and not under a consent to a foreclosure decree usually contained in mortgages in Baltimore City. The Court of Appeals of Maryland has repeatedly said that the jurisdiction of the equity court in a case of foreclosure under a power of sale is not complete until the property is sold and the trustee under the mortgage has filed his report of sale. Thus in Warehime v. Carroll Co. Bldg. Ass'n, 44 Md. 512, at page 519, it is said that, in the case of a sale under a power in a mortgage, the trust commences with the filing of the trustee's bond; his report of sales is his first official intercourse with the court, and its supervising power then commences. See, also, Wilson v. Watts, 9 Md. 356, at page 459, where it is said that, when a report of sale is made, the equitable cognizance of the court obtains, and thereafter equitable principles, such as are applicable to sales under decrees in chancery, control the disposition of the case. See also Patapsco Guano Co. v. Elder, 53 Md. 463; Beetem v. Garrison, 129 Md. 672, 99 A. 897; Cockey v. Cole, 28 Md. 283, 92 Am. Dec. 684; Warfield v. Dorsey, 39 Md. 307, 17 Am. Rep. 562; Aukam v. Zantzinger, 94 Md. 421, 51 A. 93. Compare Rouse v. Archer, 149 Md. 470, 131 A. 753.

[2] The situation is similar to that discussed in the opinion of Judge Waddill in Allebach v. Thomas (C. C. A. 4th Cir.) 16 F.(2d) 853. It was there held that sales under deeds of trust under the West Virginia practice may be enjoined pending determination of the bankrupt's equity in the property. There had been a default in the payment of the indebtedness secured by the deed of trust and a notice of sale by the trustee named in the deed, but no proceedings in the state court had taken place prior to the filing of the bankruptcy proceedings. The court sustained the action of the District Court in enjoining the sale of the real estate covered by the deed.

In view of the fact that there is an equity in the property, and of the concession by the mortgagee, under the authorities cited, that the jurisdiction of the state court had not attached before the filing of the petition

in bankruptcy, it is incumbent upon the court to dismiss the petition of the mortgagee, and to permit the sale of the property to be made by the trustees in bankruptcy.