In the Matter of the Assignment of JOHN W. LEWIS, for the Benefit of Creditors.

Under an assignment for the benefit of creditors the assignee is merely the representative of the debtor and must be governed by the express terms of his trust.

L. executed his bond and mortgage to secure an indebtedness ; the mortgage contained a provision that upon failure to pay interest and taxes accruing the whole mortgage debt should, at the option of the mortgagees, become due.    Such default having occurred the mortgagees commenced foreclosure and a receiver was appointed who took possession of the mortgaged premises.    Prior to the commencement of the foreclosure suit L. executed an assignment for the benefit of creditors ; the assignment contained no provision giving preference, or in relation, to taxes, save as they were included in the general and unpreferred debts.    The mortgagees upon petition setting forth these facts, and alleging that L. had failed to pay the taxes, and that the lands were insufficient security, moved for an order requiring the assignee to pay the taxes in arrear. *Held*, that the application was properly denied; that the authority of the assignee and the control of the court over him was limited by the terms of the assignment, and he could only be compelled to perform the trust therein defined ; that, therefore, the court had no power to direct him to pay a debt of the assignor or to give it a preference in violation of the assignment.

Also *held*, that the assignee could not be compelled to pay the taxes which accrued after the assignment.

The distinction between such a case and that of the distribution of a decedent's or bankrupt's estate pointed out.

As to whether taxes as a debt due to the State are entitled to a preference in payment from an insolvent estate, *quære*.

If so, the State alone can assert the right. An individual cannot interfere in its behalf.

(Submitted June 1, 1880 ; decided June 15, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming an order of a judge of that court denying a motion on behalf of George P. Upham and William W. Tucker, as trustees, etc., that the assignee for the benefit of creditors of John W. Lewis be required to pay from the assets in his hands as such assignee certain taxes upon premises mortgaged by the assignor to said trustees.

The facts sufficiently appear in the opinion.

*Strong & Cadwalader* for appellants. The taxes are debts due to the State by Lewis and the assignee, the parties against whom the lands were assessed, and are personal debts as much as personal taxes. (*Rundall* v. *Lakey*, 40 N. Y. 513 ; *Barlow* v. *St. Nicholas Bank*, 63 id. 399 ; *In re Moller*, 8 Ben. 531.) Taxes due to the State at common law, as an attribute and prerogative of sovereignty, are entitled to preference in payment from an insolvent's effects over other creditors. (Toller, 259 ; 8 Bacon's Abr. 92 ; 9 Co. 129 *b. ;* *Giles* v. *Grover*, 9 Bing. 155–167, 183 ; Charter Duke of York, 1664 ; Const. N. Y. 1777, § 35 ; id. 1822, § 13 ; id. 1846, art. 1, § 17 ; *Williams* v. *Williams*, 8 N. Y. 540, 541 ; *Land Appraisers* v. *People*, 17 Wend. 572 ; *Canal Commissioners* v. *People*, 5 id. 445 ; *Bogardus* v. *Trinity Church*, 4 Paige, 177 ; *In re Columbian Ins. Co.*, 42 N. Y. 123, 124 ; *State* v. *Rogers*, 2 Harr. & McH. 198 ; *Murray* v. *Ridley*, 3 id. 171 ; *Orem* v. *Wrightson*, Ct. App. Md., Oct. 1878, p. 47 ; The Reporter, vol. 9, No. 2, Jan. 1880 ; *Hake* v. *Henderson*, 3 Dev. [N. C.] 17 ; *In re Moller*, 8 Ben. 596 ; 14 Blatchf. 214.) The assignee should be ordered to pay the taxes and water rents, or to reimburse the mortgagees,

if they are compelled to pay on the ground of subrogation. (*Orem* v. *Wrightson, supra,* 9, Rep. No. 2, 1880 ; *In re Moller,* 8 Ben. 526.)

*John Clinton Gray* for respondent. In order to compel the performance by the assignee of an act not specified in the deed of assignment, or directed by the statute, the equity power of the court must be invoked by suit for that purpose. (*Shipman's Petition,* 1 Abb. N. C. 408 ; *Anonymous* v. *Gelpcke,* 5 Hun, 245 ; *In re Blaisdell,* 6 B. R. 78 ; *Nicholson* v. *Leavitt,* 2 Seld. 519.) If the State was entitled to a preference in payment by the assignee, these petitioners do not occupy a position entitling them to assert it. (Story's Eq. Juris., § 493, *n. ;* 12 How: Pr. 66.)

Finch, J. The assignor in this case, in 1876, executed his bond and mortgage to Upham and Tucker, as trustees, to secure a debt due to them of $25,000. In 1879 he made a general assignment to John A. Davenport, in trust, to pay certain preferred creditors in full, or ratably, and out of any surplus remaining to pay the balance of his indebtedness in full, or so far as the assigned estate would allow. The mortgage contained a provision that, upon failure to pay interest or taxes, the whole mortgage debt, at the option of the creditor, should become due. That emergency arising, the mortgagees commenced an action for the foreclosure of their security; and through the intervention of a receiver appointed upon their motion, became possessed of the mortgaged lands pending the foreclosure. It appearing that Lewis had failed to pay the taxes of 1877, 1878 and 1879, and a Croton water tax, the mortgagees presented their petition to the Court of Common Pleas of the city of New York, reciting the foregoing facts, and asserting that the mortgaged lands were an insufficient security for the debt, and asked for an order that the assignee should pay and discharge the taxes in arrear. The assignment contained no provision giving any preference to taxes, or directing their payment at all, except as embraced in the gene-

ral and unpreferred debts of the assignor. The prayer of the petition was denied, and the order thereupon entered was afterward affirmed by the General Term.

We think the motion was properly decided. The assignee derives all his power from the assignment, which is both the guide and measure of his duty. Beyond that, or outside of its terms, he is powerless and without authority. The control of the court over his actions is limited in the same way, and can only be exercised to compel his performance of the stipulated and defined trust, and protect the rights which flow from it. He distributes the proceeds of the estate placed in his care, according to the dictation and under the sole guidance of the assignment, and the statutory provisions merely regulate and guard his exercise of an authority derived from the will of the assignor. The courts, therefore, cannot direct him to pay a debt of the assignor, or give it preference, in violation of the terms of the assignment and the rights of creditors under it. To hold the contrary would be to put the court in the place of the assignor, and assert a right to modify the terms of the assignment, after it had taken effect, against the will of its maker, and to the injury of those protected by it. We agree that the assignee is merely the representative of the debtor and must be governed by the express terms of his trust. (*Nicholson* v. *Leavitt*, 6 N. Y. 519.) The case is not like those to which our attention was asked, of the distribution of a decedent's or a bankrupt's estate. There the law dictates the distribution because, in the one case, the decedent did not do it during his life, and in the others, by force of direct enactment, the court takes possession of the estate which the bankrupt is unable to hold. But in cases of general assignment, the right to control the distribution remains, as yet, in the assignor.

It is claimed that taxes constitute a debt due to the State, and are entitled to preference in payment from an insolvent's effects. That they constitute a debt which the insolvent owes is true, and possibly an abstract right to a preference may belong to the State. But it is not necessary to discuss or determine that question, for the State is not here asserting any such

claim.   It has been content to rely upon its usual and ordinary modes of collection, and neither to assert or enforce any such preference.   It may never do so, and while it does not, we fail to see how an individual can interfere in its behalf.   It is not for the plaintiff to say when or how it shall drive its rights to results, or assume to vindicate an authority it chooses not to exert.   Nor can the assignee, upon the petition of these mortgagees, be required to pay the taxes and water rent accrued since the assignment.   If compelled to do so by State or municipal authority, he might be allowed the expense.   Until then, his duty to those interested in his trust requires a different action.   They would have a right to insist that he should not incur a needless expense, which produced no benefit to the fund but lessened it without necessity.   The preference of the State, if it has any, is quite as much over the claim of these petitioners as over those of the general creditors, and we do not discover the equity which could lead us to enforce it against the latter for the benefit of the former.

The order should be affirmed.

All concur.

Order affirmed.