Ingraham, J.
The only question on this motion is, whether or not an assignment made for the benefit of creditors that directs the assignee to pay certain persons named the amounts due to them for salaries or wages, and after-paying such amounts to pay certain other preferred creditors is void, where it appears that certain persons other-than those mentioned were creditors of the assignor for wages or salaries owing to them as employees of the assignor.
By section 328 of the Laws of 1884, the act in relation to assignments for the benefit of creditors was amended so-that “in all assignments made in pursuance of this act the wages or salaries actually owing to the employees of the assignor or assignors, at the time of the execution of" the assignment shall be preferred before any other debt.”
It would appear from the language of the statute that it was the intention of the legislature that the assignment itself should provide for such preferences.
The act does not say that such preferences shall exist-independent of the assignment, but that “in all assignments made, the wages or salaries, etc., shall be preferred before any other debt.”
In this case the assignors have directed that the wages-due to certain employees shall be preferred, and have then disposed of the balance of the estate without providing that-the amounts due the plaintiff shall be preferred.
This, I think, is clearly in violation of the statute, and as the assignee derives all his powers from the assignment, it is-clear that he would not be authorized to pay any debts to employees not mentioned in the schedule.
In the case of Richardson v. Herron (39 Hun, 537), a, majority of the court held that where no attempt was made to prefer any of the debts due to the employees, the-assignment was not void, but that decision would not. apply where the assignors had directed that certain of them employees should be preferred without providing for other • of their employees to whom there was an actual indebtedness for wages or salaries, and the contrary view appears ■ to have been taken in Harriot v. Masterson, decided by the • general term of the second department, and in the case of' Roberts v. .Tobias, decided by Justice Van Brunt at special: term.
I think, therefore, that this assignment is void.
Motion for injunction must, therefore, be granted, with ten dollars costs to the plaintiff to abide the event of the-action.
Note.—The authorities stand as follows: Richardson v. Herron (39 Hun,. 638), held, by a divided opinion of the court, that an assignment was not invalidated by reason of its containing any provision giving a preference to. *245 wages of employees, Judge Davis writing the prevailing opinion, Judge Brady -concurring, and Judge Daniels writing a dissenting opinion. This decision was followed by the general term of the fifth department in Burley v. Hartson (23 Weekly Dig., 586), holding that the statute itself created a preference irrespective of the assignment. The contrary doctrine was held in Boberts v. Tobias, by Judge Van Brunt, at special term, April, 1886, in the following ■opinion:
Van Brunt, J.—I am of the opinion that the assignment in question is void because of a failure to comply with section 29 of the Assignment Act of 1877, -as amended by chapter 828 of the Laws of 1884.
The act of 1884, Chapter 328, declares that in all assignments made in pursuance of this act (chapter 466, Laws of 1877) the wages and salaries actually owing to the employees of the assignor at the time of the execution of the assignment shall be preferred, etc.
The words are that in all assignments the preference shall be made. Hot that the preference shall exist outside of and independent of the assignment. The right to the preference arises in the assignment and nowhere else.
The assignee has no right to act in any way except as directed by the assignment, because “ the assignee derives all his power from the assignment, which is both the guide and measure of his duty. Beyond that, or outside of its terms, he is powerless and without authority.” In re Lewis, 81 N. Y., 421,424.
In view of the above it cannot be said that the act is an enactment to govern the mode of distributing the estate, because the assignee must distribute the ■ estate as the assignment directs.
Having this fact in view, the Legislature said that in the assignment provision must be first made for the payment of employees.
The argument that as the act does not say that the assignment shall be void if this preference is not made, and that, therefore, the assignment is good, would operate as a repeal of the act, because as the assignee derives all his authority from the assignment, and as he cannot act outside of it, then if the . assignment contained no preference of employees, the assignment would be good, although the assignee could not give the employees the preference provided by law.
Such a result shows that the act is mandatory, and a failure to comply with it must avoid the instrument.
Judgment accordingly.
The general term of the second department affirmed the decision of Judge Dykeman, who wrote no opinion, in the case of Harriot v. Masterson. A memorandum of the decision appears at 38 Hun, 642. The opinion is as follows:
Pratt, J.—The court, at special term, has found upon evidence sufficient i o that purpose, that the assignment of Masterson was made with the intent to hinder, delay and defraud his creditors. The omission from the schedules - of items of valuable property without any adequate or satisfactory explanar tion, affords ground to believe that the intention of the assignor was to secrete the property for his own benefit. Assignments by debtors of their property to trustees of their own selection are tolerated, not favored, in law, ana the requirement that all the debtor’s property should be disclosed and brought within the scope of the trust is not too severe. The other grounds upon which the assignment was attacked were equally fatal. Wages of employees were not preferred as required by the act of 1884 and that neglect made the assignment invalid. 34 Hun, 457. So of the preference of the co-partnership creditors to be first paid from the individual property. A well-established prin- ■ ciple of equitable administration of insolvent estates was sought to be evaded. Ho such effort can be permitted to succeed. Jackson v. Cornell, 1 Sand. Ch. R., 348.
Judgment affirmed, with costs.
Barnard, P. J., concurs.