## In re TULLER'S ESTATE.

(*Common Pleas of New York City and County, Special Term.* March 12, 1889.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.

   Under Laws N. Y. 1887, c. 503, providing that preferences in a general assignment for benefit of creditors, other than for wages for employés, "shall not be valid, except to the amount of one-third in value of the assigned estate left after deducting such wages and salaries, and the costs and expenses of executing such trust," only one-third of the net balance, after deducting such wages and costs and expenses, is applicable to preferred debts.

On settlement of the decree in the accounting of David Lichtenkein, assignee of Lee A. Tuller.

*Langbein Bros. & Langbein,* for assignee. *James C. De La Mare,* for Andrew J. Rogers. *Smith & White,* for Lindsay & Co.

LARREMORE, C. J. The language of chapter 503, Laws 1887, is that preferences. under a general assignment for the benefit of creditors other than those for wages or salaries of employés "shall not be valid, except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust; and should such one-third of the assets of the assignor or assignors be insufficient to pay in full the preferred claims to which, under the provisions of this sec-

tion, the same are applicable, then said assets shall be applied to the payment of the same *pro rata* to the amount of each of said preferred claims." This language admits of no doubt as to its intent. Only one-third of the net balance remaining in the hands of the assignee, after paying "such wages or salaries, and the costs and expenses of executing such trust," is applicable to the payment of the preferences which are provided for by the assignor in his deed. The commissions of the assignee are regulated by statute, and their payment is usually provided for in the deed of assignment; but, whether so provided for or not, they are one of the "expenses of executing such trust." The disbursements made by the assignee in the execution of his trust, as well as the bill of costs, are also provided for by this enactment; the language being "costs and expenses." In the present instance the amounts seem large. The "expenses" of executing the assignment are more than 50 per cent. of the assets, and "costs" are more than 60 per cent. of the balance, so that an estate of about $900 results in a balance of about $100 for the creditors. Not having the papers before me, I am not prepared to express any opinion on that question now, but, upon the question as presented, it is evident that the decree should provide that one-third of the net proceeds remaining after all the "costs and expenses of executing such trust" should be set apart out of which the preferences were to be paid *pro rata*. Other questions may arise under the deed as to the manner in which this "one-third" shall be distributed. There being nothing said to the contrary in the memorandum handed to me, I must assume that the preferred creditors are to share equally, in which case the "one-third" is to be divided among them, according to the amounts of their respective claims; but, should the preferences be in classes, a different apportionment would be necessary. The distribution of this "one-third" of the net balance, after all the "costs and expenses of executing such trust," will depend entirely upon the language used in the instrument creating the trust; for all legislative enactments in respect of a common-law right merely regulate the practice thereunder. This act of the legislature of 1887, c. 503, merely declares that the amount which shall be applicable to the payment of preferences, other than those already provided for by statute, shall be limited to one-third of the net balance of the assets, after paying the costs and expenses of executing the trust, so that it remains in the power of the assignor to designate in what manner this one-third shall be applied, and the deed itself is the sole guide of this. *In re Lewis*, 81 N. Y. 421. In respect of the payment to preferred creditors, the decree will provide for a distribution of one-third of the balance remaining after paying all the costs and expenses of executing the trust, and for such distribution *pro rata* in exact accordance with the language of the deed.