*In re* WILLIS.

*In re* EAMES *et al.*

(*Supreme Court, General Term, Fifth Department.*    April 13, 1892.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—CLAIM FOR RENT.

A lease provided that the rent should be payable in monthly installments, and empowered the lessors to re-enter and re-rent the premises in case of non-payment of rent, and to apply the proceeds to the payment of the rent accruing during the balance of the term, with liability on the lessee to pay the residue. *Held* that, where the lessee, before the expiration of his term, made an assignment for the benefit of creditors, in which he provided that the assignee should pay in full all debts "due and owing" by the assignor, and the rent had been paid for the month in which the assignment was made, a claim by the lessors for the difference between the amount of the rent agreed to be paid for the unexpired term and the amount for which they were able to re-rent the premises was not on a debt "due and owing" to them by the assignor at the time of the assignment.

Appeal from Erie county court.

In the matter of the general assignment of Charles O. Willis to Henry L. Schwartz for the benefit of creditors. From a decree confirming the report of a referee dismissing the claims of Edward W. Eames and Harriet E. Potter as creditors, Eames and Potter appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Seward A. Simons*, for appellants.    *B. Frank Dake*, for respondent.

MACOMBER, J. The claim made by the appellants, Edward W. Eames and Harriet E. Potter, arises upon a lease executed by them of certain premises in the city of Buffalo to Charles O. Willis, and which ran from January 1, 1888, to May 1, 1891, at the rent of $2,200 per year up to May 1, 1888, and $2,900 per year from May 1, 1888, payable in monthly installments. The usual provision was inserted in the lease, empowering the lessors to re-enter and re-rent the premises in case of non-payment of rent, and to apply the proceeds to the payment of the rent accruing during the balance of the term, with liability upon the lessees to pay the residue. The assignment of Willis was made on the 11th day of April, 1890. The assignee, Schwartz, immediately took possession of the assigned property, and occupied the demised premises from the 11th day of April, 1890, to the 1st day of May of that year, when the stock was sold out by him; the purchaser, through Mr. Schwartz, however, having paid the rent for the month. But no claim is made in behalf of these creditors that the assignee, by virtue of his occupancy of the premises during the residue of the month of April, or by paying the rent for the month of May, accepted the leasehold property for the unexpired term, or agreed to pay the rent reserved. The landlords' claim is the difference between the amount of the rent agreed to be paid for the unexpired term and the amount which the lessors were actually able to re-rent the demised premises for in the exercise of due diligence. Our decision, therefore, turns upon the question whether the claim for rent made by the landlords was a debt due and owing to them by the assignor at the time of the making of the assignment. The assignment contained provisions to the effect that after the payment of the expenses of the trust and the claims of certain preferred creditors, among whom were not the claimants, the assignee should pay in full "all other indebtedness due and owing by the said party of the first part to any person or persons whomsoever;" and that, after payment of "lawful debts due and owing by the said party of the first part, the assignee should return the surplus, if any," to the assignor. We think, within the adjudged cases, that the claim of the appellants cannot be upheld. This is a proceeding, not in bankruptcy nor under any law for the distribution of decedents' estates. The assignee derives all his powers from the assignment. He is bound to carry out its terms, and is not governed by the provisions of law relating to the distribution of a

bankrupt's estate under the general bankruptcy act, nor of the distribution of a decedent's estate under the direction of our surrogates' courts. As the assignor, in his life-time, might have personally applied his property in the manner now sought by him to be applied through the means of an assignee, so the assignee, in turn, being bound by the direction contained in the assignment, can do the same thing, and no other, in the absence of proof of fraud in making the assignment. *In re Lewis*, 81 N. Y. 421; *Bank* v. *Williams*, (N. Y. App.) 28 N. E. Rep. 33. While, therefore, it may be said that the term "due and owing," used in the assignment, although in the conjunctive, may, and probably does, in many instances include money coming to creditors, although not yet payable, still, under the terms of this lease, by which the landlord had power at any time to re-enter for the non-payment of rent, thus rendering the claim for unpaid rent an uncertainty and an unliquidated amount, the contention made in behalf of the appellants in this proceeding cannot be maintained. The following cases seem to hold this doctrine: *In re Adams*, 15 Abb. N. C. 61; *In re Link*, 14 Daly, 148. On the whole we think the claim for the indebtedness made was not, under the voluntary act of the landlords in retaking possession of the premises, and thus rendering unliquidated the amount of rent which might accrue, a debt due and owing by the tenant to the landlords, within the meaning of the assignment. It follows, therefore, that the decree appealed from should be affirmed. Decree of county court of Erie county, appealed from, affirmed, with costs.

All concur.