DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.

---

In the Matter of the General Assignment of WILLIAM G. HEVENOR, for the Benefit of Creditors, to HUDSON ANSLEY.

CHARLES D. MARSHALL and Others, Claimants, Appellants ; HUDSON ANSLEY, Assignee, Respondent.

*Assignment for the benefit of creditors — construction of a direction to the assignee to pay " debts and liabilities now due or to grow due."*

A general assignment for the benefit of creditors, after making certain preferences, directed the assignee "to pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts and liabilities now due or to grow due from the said party of the first part, with interest thereon."

*Held*, that the word "liabilities" was used as synonymous with "debts," and that the direction referred only to debts existing at the date of the assignment, including those payable in the future.

Hence, that the direction to the assignee did not cover a claim made by lessors of the assignor for deficiencies in rent arising, subsequent to the assignment, from premises which had been leased for a term of years to the assignor before the assignment and which the lessors had thereafter taken possession of and relet for the unexpired portion of the term, under a provision of the lease to the effect that if the premises should at any time during the term become vacant, the lessors might enter and relet as the agents of the lessee, applying the avails to the payment of the rent due upon the lease, and hold the lessee for any deficiency.

Appeal by the claimants, Charles D. Marshall and Julia R. Sherman, as executors of R. J. Sherman, deceased, and Martha R. Sherman, individually, from an order of the County Court of Erie county, entered in the office of the clerk of that county on the 7th day of April, 1893, confirming the report of a referee disallowing the appellants' claim against the assignee.

*Spencer Clinton*, for the appellants.

*Baker, Schwartz & Dake*, for the assignee, respondent.

Bradley, J.:

On July 13, 1891, William G. Hevenor made a general assignment for the benefit of his creditors to Hudson Ansley, and on the next day it was recorded in the office of the clerk of Erie county. After making preferences for certain creditors the assignor directed the assignee " to pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts and liabilities now due or to grow due from the said party of the first part, with interest thereon."

Prior to that time and on the 18th day of April, 1891, the appellants leased to the assignor a certain store and premises in the city of Buffalo for the term of five years from the 1st day of May, 1891, at the annual rent of $7,200, payable in monthly payments of $600, each in advance. The rent was paid up to the time of the assignment, and by the assignee for the term he thereafter occupied the premises. At the expiration of that time the lessors took possession of them. And since then the lessors have assumed to rent the

premises as agents of the lessee, pursuant to the provision of the lease, to the effect that if the premises should at any time during the term become vacant the party of the first part might enter and relet the premises as the agent of the party of the second part, applying the avails thereof to the payment of the expenses and the rent due upon the lease, and hold the party of the second part for any deficiency.    On November 1, 1892, the lessors, appellants, filed their claim whereby it was represented that the amount of rent to that date under the lease was $10,600, and the amount received thereon, $5,463.50, leaving a balance of $5,136.50 unpaid.

The rejection of this claim by the assignee was supported by the order or decree from which this appeal is taken.    The question presented is whether the payment of deficiencies in rents derived from the premises subsequent to the assignment came within the direction in that respect given by the assignor in the assignment.    If it did not, the claim was properly rejected.

An assignment in trust for the payments of debts due and to grow due refers only to debts then existing, including those payable in the future.    (*Brainerd* v. *Dunning,* 30 N. Y. 211.)

Whether or not the assignor would be liable for any amount upon his lease on account of rent accruing subsequently to the time of the assignment and of the taking possession of the premises by the lessors, was dependent upon the election of the latter.    Such liability was uncertain in extent, and whether there would at the end of the term be any or what amount for which he would be liable could not until then be definitely determined.    That liability, such as it was, was not a debt within the meaning applicable to that term in the assignment.    (*In re Adams,* 15 Abb. N. C. 61.)    It is difficult to see in its relation to the subject that the word "liabilities" was intended to have any more comprehensive meaning than is applicable to the. word "debts."    The liabilities in view were those which, and the extent of them, as of the time of the assignment could be ascertained for the purpose of the execution of the trust, those debts which were existing at the time the assignment was made and then due or to grow due.    This fairly imports fixed, definite and liquidated liabilities.    Those liabilities are debts.    By giving the more comprehensive meaning to the word "liabilities" as there used, might open a wide field of inquiry for the assignee,

which evidently was not in the contemplation of the parties to the assignment. The fair interpretation of the words employed in the phrase in question, in their relation to it and to the purpose of the instrument, is such as to require the conclusion that the words "debts" and "liabilities," were synonymously used; and consequently the claim made by the appellants for the deficiency in the subsequently accrued rent of the premises did not come within the meaning of the debts and liabilities, which by the assignment the assignee was directed to pay. (*In re Willis*, 44 N. Y. St. Repr. 470; *In re Lewis*, 81 N. Y. 421.)

The order should be affirmed, with costs.

LEWIS and HAIGHT, JJ., concurred.

Order of the Erie County Court appealed from affirmed, with costs.