CHARLES H. BEETEM, Trustee,

*vs.*

MARY DeC. GARRISON.

*Mortgages*: *sales under a power; Code, Article* 66, *section* 9. *Jurisdiction of court*: *private sale; subject to ratification.* *Deeds*: *building restrictions; covenants; when may be waived.*

Where the trustee or attorney named in a mortgage, which contains a power of sale, offers the property at public sale, in accordance with the terms of the mortgage, if he receives no adequate bid he may withdraw the property, and afterwards sell it at private sale, subject to the approval and ratification of the Court.                                    p. 672

The object of section 9 of Article 66 of the Code, relating to powers of sale contained in mortgages, was to confer upon courts the same jurisdiction, and to direct that the same proceedings should be had under such powers, as if made under a decree of Court.                                    p. 672

Where a deed contains a covenant as to building restrictions, but the covenant does not bind the *assigns* of the corporate grantor, and there is no covenant that the grantor will exact similar covenants from other purchasers, and there is no evidence that the covenant forms part of any general plan or scheme for the improvement of any tract of land according to such restrictions in the deed, by which similar covenants were to be exacted of each purchaser for the benefit of all, then the covenant in the deed of the purchaser can not be enforced

against other purchasers of such land whose deeds are free from such covenants.                    p. 674

In such case, the corporation grantor may waive or release its right to enforce the covenant, as was done in this instance by a confirmatory deed, in which it united.                    p. 674

*Decided January 10th, 1917.*

Appeal from the Circuit Court for Baltimore County. In Equity. (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*O. Parker Baker* filed a brief for the appellant.

*Hyland P. Stewart* and *Warren A. Stewart* filed a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

The questions presented by this appeal arise on exceptions to a mortgage sale of real estate.

In 1899, the Mount Washington Realty Company of Baltimore County, a corporation, by deed dated the 7th day of April, in consideration of $14,500.00, conveyed to George A. Boyden, of Baltimore County, Maryland, a parcel of land fronting about eleven hundred feet on Washington avenue, "being part of the property known as 'Mount Washington,' " and being also the first described "tract of land" in a deed, dated March 24th, 1899, from Mary Grace Sauerwein to the Mount Washington Realty Company. The *habendum* clause of the deed is as follows:

> "To have and to hold the same unto the said George
> A. Boyden, his heirs and assigns, in fee simple, sub-

ject to the conditions of the following covenants on the part of the said grantee and the said George A. Boyden for himself, his heirs and assigns, covenants that he will speedily and without unnecessary delay dedicate a strip of land not less than thirty feet wide for a road connecting Washington avenue opposite the Catholic Church or adjacent thereto with the Electric Railway Station, and that he will not allow any cottages to be erected on said property fronting on Washington avenue of less cost than three thousand five hundred dollars, nor nearer than fifty feet to the south sidewalk except as to the front east of the proposed new road, where buildings may front immediately on the sidewalk, but shall not be of a cost less than three thousand five hundred dollars, and the said body corporate, the grantor, doth covenant that it will warrant specially the property hereby conveyed and that it will execute such further assurances as may be requisite to confirm these presents."

On the 15th day of December, 1911, Mary Grace Sauerwein and the Mount Washington Realty Company of Baltimore County executed a "confirmatory deed" to George A. Boyden and Sallie L. Gernand. This deed contains the following provisions:

"Whereas by deed dated March 24th, 1899, and recorded among the Land Records of Baltimore County in Liber N. B. M. No. 237, folio 277, etc., the said Mary Grace Sauerwein conveyed to the said Mount Washington Realty Company the two tracts or parcels of land in the village of Mt. Washington, therein described by metes and bounds, courses and distances.

"And whereas by deed dated April 7th, 1899, and recorded in same liber and number at folio 425, the said body corporate did convey the tract or parcel of land first described in said deed to it from said Mary Grace Sauerwein to George A. Boyden, and by deed dated April 8th, 1903, and recorded as aforesaid in same liber No. 270, folio 553, the said body corporate

did convey the tract or parcel of land secondly de-
scribed in said deed to it from said Mary Grace Sauer-
wein to Edward L. Gernand, who has since departed
this life, leaving his widow, Sallie L. Gernand, his sole
devisee by his last will and testament.

"And whereas a doubt has arisen as to the efficiency
of the said deeds from Mary Grace Sauerwein and the
said body corporate to convey said lands because of a
delay in the filing of a certificate of the incorporation
of said company in the Treasury Department of the
State of Maryland, until the 7th day of April, 1899,
although the amount of the bonus tax required by law
was deposited in the office of the Comptroller on the
24th day of March, 1899. And to quiet and confirm
the titles of said two tracts or parcels of land in their
owners this deed is executed.

"Now this deed witnesseth that in consideration of
the premises and the sum of one dollar, the said Mary
Grace Sauerwein and the said Mount Washington
Realty Co. of Baltimore County do grant, convey and
confirm unto the said George A. Boyden, his heirs and
assigns, in fee simple, all that tract or parcel of land
in the village of Mount Washington first and at length
described in the aforesaid deed from said Mary Grace
Sauerwein to said body corporate, and also described
at length in the aforesaid deed from said body corpor-
ate to said George A. Boyden.

"And this deed further witnesseth that in considera-
tion of the premises and of the sum of one dollar, the
said Mary Grace Sauerwein and the said Mount Wash-
ington Realty Company of Baltimore County do grant,
convey and confirm unto the said Sallie L. Gernand,
her heirs and assigns, in fee simple all that tract or
parcel of land in the village of Mount Washington
secondly and at length described in the aforesaid deed
from said Mary Grace Sauerwein to said body corpor-
ate, and also described at length in the aforesaid deed
from said body corporate to said Edward L. Gernand.

"Together with the buildings and improvements

thereon and the rights and appurtenances thereto belonging or in any wise appertaining.

"To have and to hold the first described tract or parcel of land unto the said George A. Boyden, his heirs and assigns, in fee simple, and to have and to hold the secondly described tract or parcel of land unto the said Sallie L. Gernand, her heirs and assigns, in fee simple."

On the 23rd day of April, 1913, George A. Boyden and wife executed a mortgage to Mary DcC. Garrison conveying to the mortgagee a parcel of land, fronting about two hundred and thirty-six feet on the south side of Washington avenue, and being a part of the land described and conveyed in the two deeds referred to, to secure the payment of the mortgage debt of $5,000.00 and the interest thereon. The mortgage authorized the mortgagee, or Hyland P. Stewart, her attorney, in case of default in the payment of the mortgage debt, or in any agreement, covenant or condition of the mortgage, to sell the mortgaged property, "upon giving twenty days' notice of the time, place, manner and terms of sale, in some newspaper printed in Baltimore County," etc. In June, 1914, a case was docketed in the Circuit Court for Baltimore County, the attorney named in the mortgage filed an approved bond, and advertised the above-mentioned property conveyed by the mortgage for sale "at public auction on the premises" on the 23rd of June, 1914. Part of the land referred to was subject to two leasehold estates created by two leases from George A. Boyden and wife to Thomas G. Bloom, and the two ground rents were sold at public sale by the attorney named in the mortgage on the day advertised. The balance of the lot, which fronted about one hundred and sixty-one feet on the south side of Washington avenue, was offered for sale on the same day, but was withdrawn because the highest bid received therefor was one thousand dollars, which the attorney deemed insufficient. The sale of the ground rents was reported to the Circuit Court for Baltimore

County, and was finally ratified by the Court on the 11th of October, 1915.

On the 12th of February, 1916, Hyland P. Stewart, the attorney named in the mortgage, and Charles H. Beetem, trustee, entered into a contract under seal by which the balance of the property so advertised was sold at private sale by the attorney named in the mortgage to Beetem, trustee, for $3,500.00, $200.00 of which was paid before the execution of the contract, and the balance was to be paid, according to the terms of the agreement, upon the ratification of the sale by the Circuit Court for Baltimore County. The agreement provided that upon payment of the balance of the "purchase money" the vendor was to convey to the vendee "a good and merchantable title" to the property. The sale was duly reported to the Circuit Court for Baltimore County, and thereafter the purchaser filed exceptions to the sale on the ground that the property was not sold in compliance with the terms of the mortgage, and that the attorney named therein had no authority to sell it at private sale, and upon the further ground that the attorney named in the mortgage could not convey to the purchaser a good and merchantable title to the property by reason of the "restrictions" contained in the deed from the Mount Washington Realty Company to the mortgagor, of which the purchaser had no notice. After a hearing, at which evidence was adduced by the plaintiff and defendant, the Court below overruled the exceptions and ratified the sale, from which action of the Court the purchaser has appealed.

George A. Boyden, the mortgagor, testified that his property is on the south side of Washington avenue, and that the Mount Washington Realty Company owned other property on the northeast side of Washington avenue; that when he purchased from the company he understood that there were to be no small houses in the neighborhood, and that shortly after he purchased his property from the company, the company sold a lot on the northeast side of Washington avenue,

and nearly opposite his property, to Dr. Lehman, in whose deed there were no restrictions, and that Dr. Lehman erected on his lot "a stable on Washington avenue"; that in May, 1901, he called the company's attention to the restrictions in his deed, and to the erection of the stable on Washington avenue by Dr. Lehman, and notified the company that if it allowed others to violate the restrictions he would feel at liberty to do the same; that he did not get a reply to his letter, but that shortly thereafter he met Mr. Hershey, the president of the company, on Lexington street, and called his attention to the matter, and that he said: "All right, Mr. Boyden, I know we can not hold you to this agreement if we permit him to put a stable there." He further testified that the company allowed Dr. Lehman to erect the stable, and that the stable is still on the avenue; that after the erection of the stable by Dr. Lehman, Thomas G. Bloom, to whom he, Boyden, leased two lots on Washington avenue, erected a stable or shed on one of the lots, and a two-story concrete garage, which cost about one thousand dollars, on the other lot; that he opened the avenue or road referred to in his deed from the company, which is now called Second avenue, and that he "lived up to" the restrictions in the deed, until after his conversation with Mr. Hershey.

Charles H. Beetem, trustee, the purchaser, offered in evidence a certificate of the State Tax Commissioner, certifying that it appeared from the records in his office that the certificate of incorporation of the Mount Washington Realty Company of Baltimore County, which was "approved by Hon. N. Charles Burke, Judge," and "certified by N. Bosley Merryman, Clerk of said Court, on the 24th day of March, 1899," was filed in his office on the 7th of April, 1899, and that on the same day the Tax Commissioner certified the fact to the State Comptroller. It was agreed at the hearing that the intention of the purchaser in buying the property was to erect a hall, to cost about $4,000.00, on "forty feet of its front on Washington avenue," and to erect several small six-

room frame cottages, "costing about fifteen hundred dollars each, on the remaining front on Washington avenue," and that if present at the hearing the purchaser would testify that he did not have notice of the restrictions in the deed from the company to George A. Boyden before he purchased the property. It was also agreed that the road referred to in the deed had been opened and dedicated in accordance with the terms of the deed, and that the property sold to Charles H. Beetem, trustee, fronts on Washington avenue east of the road.

The contentions of the appellant in this Court are, (1) that the mortgage did not authorize a private sale of the property by the attorney named therein, and that the sale in question is therefore void, and (2) that the property is subject to the restrictions contained in the deed of 1899 from the Mount Washington Realty Company to George A. Boyden, and that by reason thereof the attorney named in the mortgage can not give the purchaser a merchantable title to the property clear of encumbrances.

The appellee insists, (1) that the deed of 1899 from the company to George A. Boyden is void because of the failure of the company to pay the bonus tax imposed by the Act of 1894 (section 100 of Article 81 of the Code of 1912) before the execution of the deed, and that the title of the mortgagor was acquired by the deed from the company and Mary Grace Sauerwein in 1911; (2) that the company waived the restrictions in the deed of 1899, and (3) that the attorney named in the mortgage, having advertised the property for public sale in compliance with the terms of the mortgage, and having withdrawn it because there was no satisfactory bid therefor, he was authorized to sell it at private sale.

Referring to sales under a power of sale contained in the mortgage, section 9 of Article 66 of the Code of 1912 provides: "All such sales shall be reported under oath to the court having chancery jurisdiction where the sale is made, and there shall be the same proceedings on such report as if

the same were made by a trustee under a decree of said court, and the court shall have full power to hear and determine any objections which may be filed against such sale by any person interested in the property and may confirm or set aside said sale"; and section 10 authorizes the court, where the sale is set aside, to order a resale of the property. It is said in *Miller's Equity Proc.,* sec. 466: "The jurisdiction of the court becomes complete on the filing of the report of sale. Until then all proceedings are *ex parte.* But when this is done, the equitable cognizance of the court obtains, and thereafter equitable principles, such as are applicable to sales under decrees in chancery, control the disposition of the case." In *Patapsco Guano Co.* v. *Elder,* 53 Md. 463, the Court said: "The object of this provision of the Code was to confer upon courts the same jurisdiction, and to direct that the same proceedings should be had in sales made under a power in a mortgage, as if such sales had been made under a decree of the Court." And it was said in *Glenn et al.* v. *Wootten et al.,* 3 Md. Ch. 514: "The trustee must follow the directions, but after he has done so, if it can not be sold at public auction upon the terms specified, he may accept a bid upon different terms, or he may dispose of it at private sale, and then it will be for the Court to say, when the trustee shall have made his report, whether, under all the circumstances, it ought to be ratified." In this case the record shows that the trustee or attorney offered the property at public sale in accordance with the terms of the mortgage and withdrew it because he did not receive a satisfactory bid therefor. Having complied with the terms of the mortgage, he was authorized to sell it at private sale subject to the ratification and approval of the Court, and the Court has jurisdiction to set aside or to ratify the sale.

The question presented by the second contention of the appellant is not so free from difficulty. The evidence relied on to show that the bonus tax was not paid by the Mount Washington Realty Company before it received the deed from

Mary Grace Sauerwein and conveyed the property to George A. Boyden is far from satisfactory, and if we were required to decide the question, we would not be disposed to hold the deed from the company to Boyden void on that ground, especially in view of the fact that it was subsequently ratified and confirmed by the company. The covenant in the deed to Boyden is not to the company and its assigns. The deed does not contain a covenant on the part of the company to exact from other or subsequent purchasers of the land owned by it similar covenants, nor is there satisfactory evidence of a general plan or scheme for the improvement of the property of the company, and that the covenant in the deed to Boyden was entered into as a part of a general plan by which similar covenants were to be exacted from all purchasers for the benefit of each purchaser. It would seem therefore clear under the decisions in this State that the covenants or restrictions in the deed to the mortgagor can not be enforced by other purchasers of the property owned by the company; *Halle* v. *Newbold,* 69 Md. 265; *Summers* v. *Beeler,* 90 Md. 474; *Safe Deposit Co.* v. *Flaherty,* 91 Md. 489. But the covenant was by the grantee, George A. Boyden, "for himself, his heirs and assigns," and the question to be determined is whether the company can now enforce the covenants against Boyden or his grantees of the property. As the covenants were not inserted in the deed or entered into by the grantee in pursuance of any general plan for the improvement of the company's property, and as there is nothing in the deed to indicate that they were intended for the benefit of the grantees of the company, there is no reason why the company could not waive or release its right to enforce them; *Safe Deposit Co.* v. *Flaherty, supra;* 13 *Cyc.* 720. Now, according to the testimony of Boyden, shortly after he purchased from the company, the company sold a lot on the northeast side of Washington avenue, without any restrictions, to Dr. Lehman, who built a stable on Washington avenue, and when Boyden called the company's attention to the stable, its pres-

ident told him that if it allowed the stable to be erected it would not enforce the covenants against him. Thereafter Boyden leased two lots on Washington avenue upon which a stable and garage were erected by his lessee, and when the company and Mary Grace Sauerwein executed the "confirmatory deed" of 1911 no reference was made therein to the covenants or restrictions in the deed of 1899. This deed of 1911 not only *confirms* unto Boyden the property conveyed to him in 1899, but also *grants and conveys* to him all the "tract or parcel of land" described in the deed of 1899, "to have and to hold" the same unto the said Boyden, "his heirs and assigns in fee simple," without any reservations or restrictions whatever. It is said in 2 *Words and Phrases Judicially Defined,* 1495-1496: "A confirmation is making firm what was before infirm, so that an instrument reciting that, in consideration of the premises, the parties have fully ratified and confirmed a sale of land, makes the title valid. * * * 'Confirmation' is the approbation or consent to an estate already created which, as far as it is in the confirming power, makes it good and valid; so that confirmation does not regularly create the estate, yet such words may be mingled in the confirmation as may create or enlarge an estate, but that is by force of words foreign to the business of confirmation, and which by their own force and power tend to create the estate. * * * A confirmation is of a nature similar to a release. To make sure a voidable estate, is the proper form of a confirmation." In view of the conduct of the company as shown by the testimony of Boyden, and the broad terms of the deed of 1911, we think the company must have intended by said deed to release the easement or restrictions imposed by the deed of 1899 upon the property of the mortgagor, and that the deed of 1911 should be construed as a release of its right to enforce the covenants, upon which the purchaser relies as one of the grounds of his exceptions to the sale.

*Order affirmed, with costs to the appellee.*