## WILLIAM J. L. HUGHES ET AL. *v.* FEDERAL LAND BANK OF BALTIMORE

[No. 39, January Term, 1937.]

*Decided April 9th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Thomas W. Simmons,* for the appellants.

*I. P. Whitehead, Peyton G. Jefferson, Thomas M. Harrington,* and *William D. Gould, 3rd,* for the appellee.

URNER, J., delivered the opinion of the Court.

Among the provisions of section 152 of article 16 of the Code, relating to partition or sale of lands in equity, is the following: "And wherever any bill or petition is filed under the provisions of this section for the sale of lands, persons holding mortgages and other incumbrances on the said lands or an undivided interest therein may be made parties to said bill, and the said lands or interests therein shall be sold free and clear of such mortgages or other incumbrance, and the rights of the lienors shall be protected in the distribution of the proceeds of the sale of such lands."

The question here presented is whether that provision entitles cotenant mortgagors to maintain a suit for the sale of the mortgaged land in derogation of the mortgagee's right to continue a proceeding, which had been previously instituted, for the exercise of a power of sale in the mortgage because of default in its payment. In this instance the suit by the cotenants for a sale of the property was brought after the mortgage and an approved bond had been filed in a case duly docketed, and a sale advertised, by the assignee to whom the mortgage had been transferred for the purpose of foreclosure. The

sale was advertised for October 22nd, 1935, but did not occur because one of the mortgagors, on October 17th, 1935, filed a petition in the District Court of the United States for the District of Maryland to secure a composition and extension of his debts under the Federal Bankruptcy Law (11 U. S. Code Ann., sec. 1 *et seq.*). That petition was dismissed on June 26th, 1936, and on the same day some of the mortgagor tenants in common instituted the pending partition suit, in which the Federal Land Bank as mortgagee, and Thomas M. Harrington, as its assignee, were joined with other lienors and with certain cotenants of the mortgaged property as defendants. By its answer the mortgagee bank proposed that the suit be dismissed as against it because of the prior pendency of the foreclosure proceeding. The jurisdictional question thus raised by the answer was determined in favor of the mortgagee, and from the court's decree dismissing the suit as to that defendant, the cotenants who filed the bill of complaint have appealed.

The contention of the appellants is that when their suit for a sale of the mortgaged property was brought, the Circuit Court's jurisdiction had not attached to the proceeding for the enforcement of the mortgage, because no sale under its provisions had then been reported to the court. Reference is made to the statement in several of this court's opinions to the effect that the court's jurisdiction in such a proceeding becomes complete upon the filing of the report of sale. *Warehime v. Carroll County Bldg. Assn.*, 44 Md. 512, 517; *Beetem v. Garrison*, 129 Md. 664, 672, 99 A. 897; *Hebb v. Mason*, 143 Md. 345, 355, 122 A. 318; *Union Trust Co. v. Biggs*, 153 Md. 50, 55, 137 A. 509. But those cases involved no such question as the one now to be decided. In *Warfield v. Dorsey*, 39 Md. 299, 307, it was said in the opinion: "In sales to be made under authority given by a mortgage provided for by the 64th (now 66th) article of the Code, when they are brought within the control of the Court of Chancery, the same rules must be applied as to chancery sales generally. These provisions of the Code confer no special power upon

the court, and give to it no new or extraordinary jurisdiction, but prescribe another source for the exercise of its ordinary authority. Foreclosure of mortgages is one of the usual attributes of a Court of Chancery, and the statute provides for their summary employment by substituting the power contained in the mortgage for a decree of sale. *Cockey v. Cole,* 28 Md. 276. The 4th sec. [now 7th] of the Article provides that before a sale shall be made by any person so authorized, bond shall be given by him, to be approved by the judge or clerk of the court, to abide by any order or decree that shall be made by the Court in relation to the sale of the mortgaged property. When this has been done the proceedings are brought under the cognizance and guidance of the court, and to be conducted and determined in all respects as ordinary sales by a trustee appointed by decree of the court." The latter part of that statement was quoted with approval in *Rouse v. Archer,* 149 Md. 470, 473, 131 A. 753. In that case the question was whether a county treasurer could sell mortgaged property for taxes after the assignee of the mortgage had filed a bond, as required by law, but before he had made, and reported to the court, a sale under the power which the mortgage conferred. It was argued that "no sale under the mortgage having been reported to the court below, its jurisdiction had not attached to the mortgaged property or the proceeding for its sale, and hence there was no legal reason why the appellant's statutory right to sell the land for taxes in arrear should not be exercised." This court declined to adopt that view, and affirmed an order by which the tax sale was enjoined. It was stated in the opinion: "While it has been said that the jurisdiction of the court 'becomes complete' when the report of the mortgage sale is filed, and that until then the proceeding is *ex parte (Hebb v. Mason,* 143 Md. 355, 122 A. 318; *Beetem v. Garrison,* 129 Md. 672, 99 A. 897; *Warehime v. Carroll County Building Assn.,* 44 Md. 517), yet it has also been observed by this court that when the bond has been filed, 'the proceedings are brought under the

cognizance and guidance of the court, and to be conducted and determined in all respects as ordinary sales by a trustee appointed by decree. * * *' *Warfield v. Dorsey,* 39 Md. 299.. * * *' If the mortgage sale proceeding, begun by the filing of the bond before the advertisement of the tax sale, is continued to a conclusion under normal conditions, the tax claim must be paid, by statutory direction, out of the proceeds for distribution. Code, art. 81, sec. 74; *Parlett v. Dugan,* 85 Md. 410, 37 A. 36. In view of the provision thus made for the payment of taxes in such cases, and of the fact that a court proceeding for a sale under the mortgage assigned to the appellee had been instituted by the filing of the bond prescribed by the statute, we think the right to sell the mortgaged property for taxes should yield to the power of sale which the mortgage confers."

In, *Tucker v. Hudson,* 158 Md. 13, 148 A. 116, 120, the fact that "the attorney named in the mortgage had instituted his suit and filed his bond" was repeatedly mentioned in the opinion, holding that he could not effectively join with the heirs of the mortgagor in ingrafting upon the foreclosure proceeding a petition to have their private sale of the mortgaged property ratified.

If the right and theory here asserted by the appellants should be recognized and sustained, it might be possible for cotenant mortgagors to frustrate a sale actually made, under a power in the mortgage, by the institution of a suit like the one now under consideration, and service of process on the mortgage as a codefendant before the sale was formally reported. In this case the suit of the cotenant mortgagors was brought eleven months after the proceeding for the mortgagor sale had been "brought under the cognizance and guidance of the court" with the filing of the assignee's bond, and eight months after his advertised sale of the mortgaged property had been prevented by the effort of one of the mortgagors to avail himself of a bankruptcy statute. The failure of that effort removed it as an obstacle to the exercise of the power of sale under the mortgage. The assignee of the

mortgage could then rightfully proceed to accomplish the purpose of the power under the jurisdiction which he had long previously invoked. In our opinion it was not the intent of the Code provision cited by the appellants that it should have the effect for which they contend. Their interest in the mortgaged land will be succeeded by an equivalent interest in the proceeds of a sale under the mortgage, or they could utilize their right of redemption, but they are not entitled to have the mortgagee's prior proceeding for the exercise of a valid power of sale subordinated to their pending suit under the conditions shown by this record.

*Decree affirmed, with costs.*