(Decided June 19th, 1895.)

---

## DAVID STEWART *vs.* CHRISTIAN DEVRIES of S., TRUSTEE.

*Trustee's Sale—Knowledge of Title by Purchaser.*

A purchaser at a trustee's sale, who knew of an alleged defect in the title of the property at the time he made his bid, is not entitled to except to the ratification of the sale on that ground.

Appeal from an order of the Circuit Court of Baltimore City (DOBLER, J.), overruling appellant's exceptions to a trustee's sale and finally ratifying the same. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*David Stewart* and *Redmond Conyngham Stewart*, for the appellant.

*Richard S. Culbreth*, for the appellee.

BOYD, J., delivered the opinion of the Court.

Christian Devries, of S., was appointed trustee to sell certain real estate in a proceeding in the Circuit Court of Baltimore City, between the heirs of Wm. Devries, deceased. In August, 1887, he reported a sale of a lot of ground situated in Baltimore City, to Laura Lee Capron, for the sum of $11,666.66, which was duly confirmed. In August, 1892, he filed a petition alleging that the purchaser had not complied with the terms of the sale, and asking for authority to resell the property at her risk and expense, unless the amounts alleged to be due be paid. The Court having passed an order *nisi*, Mrs. Capron answered the petition, assigning as a reason for her non-compliance with the terms of the sale, that the trustee was unable to give title to the whole lot, as a part of it belonged to the estate of one John Rutter. Considerable testimony was taken, and the Court finally ordered a resale of the property at the expense and risk of Mrs. Capron.

On the 12th of June, 1894, the trustee reported the sale of that lot to the appellant for the sum of $11,100.00, who filed exceptions to the ratification of the sale, on the ground that the trustee could not give a good and merchantable title on account of the interest of the Rutter estate. Testimony was taken, and the case submitted to the Circuit Court of Baltimore City, which resulted in an order of that Court overruling the exceptions of the appellant and ratifying the sale. From that order this appeal was taken.

It is well settled in this State that a trustee appointed by a Court of Equity is the agent of the Court; and hence, if the question be raised in due time, the Court will see that no undue advantage is taken of the purchaser, and he will not be compelled to comply with the terms of a sale if it would be inequitable for him to do so, especially if there has been any misrepresentation, intentional or otherwise, by the trustee. That rule is necessary for the purposes of justice, as well as to encourage bidding at trustee's sales. But when a purchase is made by one who is cognizant of

all the essential facts necessary to enable him to understand what the trustee is selling, the Court should be equally zealous in protecting the rights of those interested in the proceeds of the sale of the property, and in not permitting its agent, the trustee, to be trifled with.

There is nothing in this record that suggests any very serious question as to the title to this lot. It is conceded that there is no difficulty as to the front part of the lot, but it is contended that there is a cloud on the title to the rear portion of it by reason of the possible interest in it vested in the estate of John Rutter. William Devries purchased the whole lot in 1852, and it seems to have been held by him and his heirs, and those under whom they claim, since 1828. The learned Judge below based his opinion on these and other facts disclosed in the case, and reached the conclusion that the title of the Devries estate is good and merchantable for the whole lot. Without meaning to be understood as differing from him, we express no opinion on that question, because under the view we take of the case it is unnecessary.

The evidence shows conclusively that the appellant knew of the alleged defect in the title before he bid on the property. In his letter to the attorney representing the trustee, he wrote: "If you are going to argue the Devries case on the point that I am bound to take the title, whether it is good or not, because I knew of the defect before I bid for the lot, we can proceed at once without testimony. For I admit that I know your title to be defective, as you allege in your answer, and you can file this letter as my admission." The letter referred to the answer of the trustee to the exceptions to the sale filed by the appellant, which alleges that the appellant not only knew of the supposed defect in the title before the sale, but that he had full and particular information of all the facts in relation to it.; that he had the papers in the case for about two weeks before the sale, and that the proceedings in the cause disclosed to him all the facts upon which he now relies. The appellant

subsequently testified, and not only did he not deny the allegations thus made in the answer of the trustee, but on the contrary substantially sustained them, as he had done by his letter. He knew that the former purchaser had undertaken to relieve herself of the obligation to take the property by setting up this alleged defect in the title, and that the Court had refused to release her and ordered a re-sale at her risk.

The trustee contended in that proceeding that the title he was selling was good, and the appellant had every opportunity to ascertain before he purchased upon what the trustee relied, and whether or not he was correct. The appellant certainly had no good reason to suppose that the trustee was undertaking to sell anything but the title of which the estate of William Devries was vested. As an attorney at law he must have known that the trustee could, under the power vested in him by the decree, only sell the interest of the parties to the suit and those claiming under them. The former proceedings in the case were sufficient to notify him that the trustee would not undertake to acquire the title of John Rutter or any one else. He might have assumed that if the trustee intended to purchase any outstanding title, or claim of title, that he would have done so before the sale, or at least announce at the sale that he would yet do so in order to obtain as large a price as possible, but no such intimation was given by the trustee. Nothing was done by the latter, which was calculated to mislead any one—particularly the appellant who was familiar with all the facts. If he had any doubt about what the trustee was selling, he certainly had information enough to suggest the propriety of his making inquiry of the trustee, so as to inform himself. As was said in *Kauffman v. Walker*, 9 Md. 240: " Judicial sales will not be set aside for causes that the parties in interest might with a reasonable degree of diligence have obviated. Every intendment will be made to support them."

We have not deemed it necessary to discuss the other

questions suggested in argument. As the appellant had ample notice of what the trustee was selling, and as he purchased the property with full knowledge of the defect alleged in the title, it cannot be said that he was in any way mislead by the trustee, or that any injustice will be done in requiring him to take the property in the condition he knew it to be in when he made his bid, and the order must be affirmed.

The Judge below directed the costs in that Court to be paid out of the funds in the hands of the trustee. We will not disturb that order, but the costs in this Court, including the costs of making up the record, must be paid by the appellant.

> *Order affirmed, costs in this Court and of the transcript of the record, to be paid by the appellant.*

(Decided June 19th, 1895.)