# BERNARD J. O'SULLIVAN *vs.* LOUIS BUCKNER.

*Erroneous Description of Land in a Deed—Adverse Possession—Exceptions to Ratification of Mortgage Sale—Knowledge by Purchaser of Defect in Title.*

When the grantee and those claiming under him have been in adverse and exclusive possession of a lot of ground for forty years their title thereto is valid, although the deed by which the lot was originally conveyed contained an erroneous description.

The mortgage of a lot of ground described the property as beginning 114 feet from H street, and stated that in previous conveyances it had been erroneously described as beginning 160 feet from H street, but that the property had been in the possession of the mortgagor and his predecessors in title for more than forty years. Upon exceptions to the ratification of a sale under the mortgage, on the ground of the invalidity of the title, the purchaser offered no evidence. *Held*, that the recital in the mortgage, being uncontroverted, is *prima facie* evidence of possession by the mortgagor and those under whom he claimed for over forty years, and such possession creates a good title, unaffected by the preceding erroneous description.

A purchaser at a mortgage sale who knew of an alleged defect in the title of the property at the time he made his bid is not entitled to except to the ratification of the sale on that ground.

*Decided December 6th, 1907.*

Appeal from the Circuit Court of Baltimore City (EL-LIOTT, J.)

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER and BURKE, JJ.

*F. A. Buschman*, for the appellant, submitted the cause on his brief.

*Jacob J. H. Mitnick*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

The order from which the appeal in this case was taken,

was passed on April 8th, 1907, and the order for the appeal was filed May 6th, 1907.

The record was filed in this Court August 7th, 1907, and the appellee has moved to dismiss the appeal because the record was not transmitted to this Court within three months from the time the appeal was taken. The appellant however has filed an affidavit of the deputy Clerk of the Circuit Court of Baltimore City, in charge of the preparation of this record, that the delay in its transmission was due to a press of work, and his consequent inability to comply with the rule of this Court. The motion to dismiss the appeal will therefore be overruled.

The questions presented arise upon exceptions to the ratification of a sale made under a decree passed in pursuance of assent given in a mortgage under the provisions of the Local Law of Baltimore City. The mortgage was made April 6th, 1906, by Virginia Mason to John Blotkamp, who subsequently assigned the same to the appellee. The exceptions allege: (1) That the title to the property sold is defective and the trustee cannot give a good marketable title. (2) That the property is described in all the conveyances preceding the mortgage as situated on the southwest side of Colvin street at the distance of one hundred and sixty feet northwesterly from Hillen street, when in fact it is described in said mortgage, and in the advertisement and report of sale, as being distant from Hillen street one hundred and fourteen feet seven and a quarter inches, to which lot, the exceptions allege the mortgagor never had any title, or made any claim of title. (3) That if the purchaser should accept title to the lot as described in these proceedings he would thereby subject himself to the claim of the parties having title to said lot, and would subject himself to expense and litigation in attempting to defend his title.

The mortgage, after describing the property as alleged in the exceptions, as beginning one hundred and fourteen feet, seven and a quarter inches from the corner of Hillen street, then contains the following clause, "said property having been

in the possession of the said Virginia Mason and her predecessors in title ever since the year 1865, but having been heretofore erroneously described as beginning one hundred and sixty feet from the aforesaid corner of Hillen and Colvin streets."

It appears from the record that after the case was set down for hearing the exceptant declined to offer any testimony in support of his exceptions, whereupon the appellee proceeded to adduce evidence in support of the sale.   Mr. Buckner, the assignee of the mortgage, testified that when he was in the office of Mr. Mitnick, the trustee appointed to sell, and when the advertisement was being prepared, Mr. Doxen came in, and told Mr. Mitnick: "It is no use you advertising, you cannot give any title to that property."   He also testfied that when the property was offered, he himself attended the sale, and that Mr. Doxen was present with Mrs. Mason, the mortgagor, and that Mr. Doxen was the first bidder on the property, his bid being $600, that he, Doxen, at that time kept talking about the title, and said, "can you give us a guaranteed title?" to which the trustee and auctioneer replied that they were not selling a guaranteed title; that the property was knocked down to Doxen, he having bid five dollars over the next highest bid; that as soon as it was knocked down to him, he turned to Mrs. Mason who gave him $100, the amount of deposit required of the purchaser, and he handed it to the auctioneer, Mr. Pattison, saying, "this is the only $100 you will get, because we are going to have a fight to the finish;" that he then required them to go with him to the saloon of Mr. O'Sullivan on Front street, and that witness, Mrs. Mason, Mr. Pattison, and Mr. Hollander, went there with him.  Doxen there "wanted us to say we would guarantee the title," and Pattison said the property was not sold with any guarantee, but according to the way it was advertised, and then Doxen "authorized O'Sullivan to sign—told him to sign," and he said in the saloon that he represented O'Sullivan the purchaser. Mr. Pattison, the auctioneer in the case, testified that when he was at Mr. Mitnick's office to get the advertisement, Doxen

came in and told Mr. Mitnick that he would not sell the property, that the title was defective, and that he was the only one who knew anything about it, and that Mr. Mitnick replied he intended to sell it; that Doxen said he was attorney for Mrs. Mason; that at the sale after the advertisement was read Doxen called to the crowd in a loud voice that the title was defective and that he was the only one that could fix it; that he, the auctioneer, told the audience to pay no attention to Doxen—that he was selling under an order of Court—and the title would come from the Court; that he then asked for bids, that Doxen bid against two or three other bidders, and the property was knocked down to him as the highest bidder; that he announced before knocking the property down a cash deposit of $100 would be required of the purchaser; that after knocking it down, he said, "now Mr. Doxen, I will take your deposit;" that Mrs. Mason gave Doxen $100, and Doxen handed it to him; that he then said, "Doxen, I want this contract signed. Who is the purchaser?" Doxen said "I will show you," and took him with Mrs. Mason to O'Sullivan's saloon, where Doxen said O'Sullivan was the purchaser; that he, Pattison, said to O'Sullivan, "I want your signature, and he signed the contract and I gave him a receipt, and Doxen then hallo'ed out that is the last $100 you will get."

Mr. Mitnick, the trustee, offered himself ready to corroborate the testimony of Buckner and Pattison, but the Judge deemed it unnecessary—in which we agree with him.

It has been held in *Roberts* v. *Loyola Building Association*, 74 Md. 1, that it is incumbent on an exceptant to support his averments by competent proof, and that where none was taken, as a matter of course, the exceptions should be overruled. It is not supposed that this was designed to apply to a case in which the Court could see from the record that the purchaser would take no title upon ratification of the sale. Such is not the case here however, The recital in the mortgage, uncontroverted in anyway, is sufficient to present a *prima facie* case of possession by Mrs. Mason and her predecessors in title for over 40 years, and such possession is sufficient to give a good

title which could not be affected by mere erroneous description in preceding conveyances. *Rieman* v. *Wagner*, 74 Md. 478; *Bay* v. *Posner*, 78 Md. 42; *Lurman & Fowler* v. *Hubner*, 75 Md. 271; *Gump* v. *Sibley*, 79 Md. 165; *Zion Church* v. *Hilken*, 84 Md. 172.

· In *Bay* v. *Posner, supra,* JUDGE FOWLER said it was unnecessary to discuss the effect of an alleged mistake in the description of the lot there in question, in one of the old deeds, because the Court has so often reiterated that continuous adverse possession under color of title for at least 20 years, will make a good title, though the title conveyed by the deed be good for nothing.

The evidence not only abundantly shows that Doxen believed the title to be defective when he bought the property in, but that O'Sullivan also knew Doxen's belief in this regard. With that belief he bid the property in for O'Sullivan, and with that belief also O'Sullivan signed the contract of sale. The proof is also clear that Mrs. Mason and Doxen at least, were acting in collusion for the purpose of delaying the mortgagee in collecting his debt, and that Mrs. Mason has by the payment of the deposit of $100, been enabled to retain possession of the premises for nearly a year, and as a commercial transaction merely, it has no doubt been satisfactory to her. Reprehensible however as is this conduct of Mrs. Mason's, the conduct of Mr. Doxen, as an attorney, if he is in fact an attorney, deserves severer censure, not to speak of more serious consequences. It may be that he is not a member of the Bar, though he is spoken of in the record as attorney for Mrs. Mason and O'Sullivan, and for the credit of the profession it is to hoped he is not a member of the Bar.

It is perhaps possible that O'Sullivan was not in full collusion with Mrs. Mason and Doxen, though the appearances are strongly against this supposition. But be that as it may, he knew all that Doxen claimed as to the defect of title and with that knowledge signed the contract of sale. Even if he had not had this actual knowledge, he would be bound by the knowledge of his agent or attorney. *Scwind* v. *Boyce,* 94 Md.

517; *Stewart* v. *Devries*, 81 Md. 525. In the latter case it was held expressly that a purchaser at a trustee's sale, who knew of an alleged defect in the title of the property at the time he made his bid, is not entitled to except to the ratification of the sale on that ground.

For these reasons the order appealed from will be affirmed.

*Order affirmed with costs to the appellee above and below.*