## CIRCUIT COURT OF BALTIMORE CITY.

Filed September 27, 1916.

GEORGE J. RUTH

VS.

WILLIAM T. KELLY.

*Wm. Moore* for plaintiff.
*Edward H. Sappington* for exceptant.

464

DAWKINS, J.—

A discrepancy of one foot and six and one-half inches in the frontage of a city lot of the character of the one referred to in these proceedings might ordinarily be just ground for vacating a sale but with the admitted fact in this case, that the trustees cautioned the auctioneer to notify intending purchasers that while the deed and advertisement of the property called for a lot sixteen feet by ninety feet, yet the improvements would not indicate a lot of that size. Warning purchasers at the same time that they would buy at their own risk as to any such shortage. This apparent discrepancy between the title papers and the facts was waived. There seems to be no doubt that the auctioneer gave such warning and even stepped off the lot in the presence of purchasers at the time of sale and stated thereafter, before the property was "knocked down" that the lot did not seem to be sixteen feet front.

The questions of repairs, their cost and the difficulty in carrying out the plan that the purchaser had in regard to them, together with the fact that the earning capacity of the property bought will not be what the purchaser expected it to be, are all matters that could have been ascertained prior to the sale. Unless the trustee misrepresented these things in some way the doctrine of *caveat emptor* should certainly apply. There is no suggestion that the trustee himself or through the auctioneer made any such misrepresentations or that the purchaser so far as the trustee was concerned in any way prevented the fullest examination of the property. Maybe the purchaser failed to examine the property thus not knowing all about it, but that hardly justifies the Court in rebating the purchase money.

"Judicial sales will not be set aside for causes that the parties in interest might with a reasonable degree of diligence have obviated. Every intendment will be made to support them."

There are numerous cases in Maryland such as Stewart vs. Devries, 81 Md. 525; Connaughton vs. Bernard, 84 Md. 577, and others.

For the reasons stated, the exceptions to the ratification of the sale will be overruled and the sale finally ratified and confirmed.