# G. CLIFTON SUNDERLAND

*vs.*

## THOMAS A. McABEE.

*Chattel Mortgage—Terms of Sale.*

A sale under a chattel mortgage is not, as a matter of law, void, because it is in terms, "cash on day of sale," there being no provision in the power of sale in the mortgage, or in the statutes regulating such sales, which prohibits a sale upon such terms, or which creates a presumption that a sale on such terms is necessarily prejudicial to the mortgagor.     pp. 82, 83

Whether the mortgagor was prejudiced by the fact that the sale was on such terms is a matter of fact, to be affirmatively proved by the mortgagor when excepting to the sale.     p. 83

*Decided March 16th, 1923.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

Exceptions by G. Clifton Sunderland to the ratification of a sale made by Watson E. Sherwood, attorney named in a mortgage executed by said exceptant in favor of Thomas A. McAbee. From an order overruling the exceptions and ratifying the sale, said exceptant appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*James W. Owens,* for the appellant.

*Watson E. Sherwood* and *John S. Strahorn,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The appeal in this case was taken from an order of the Circuit Court for Anne Arundel County overruling exceptions to the sale of "one B&E (Barnes & Erbe) 5-roll flat ironer or mangle" under a power contained in a chattel mortgage from George C. Sunderland to Thomas A. Mc-Abee.

The provision of the mortgage granting the power is as follows:

> "And it is further agreed that in default of payment of either principal or interest aforesaid, said mortgagee or his assigns, or Watson E. Sherwood, their attorney, may sell the above-mentioned mortgaged property, under any general or local law of the State of Maryland, or in lieu or as an alternative thereto, in the following manner, that is to say: after giving at least ten days' notice of the time, place and terms of sale in some newspaper published in the City of Annapolis aforesaid, he or they may offer said property for sale at public auction on the premises or elsewhere to the highest bidder."

After having given bond as required by the statute, and after having given notice of the time, place, manner and terms of sale, by an advertisement inserted in a newspaper published in Anne Arundel County for more than fifteen days preceding the sale, Watson E. Sherwood, the attorney named in the mortgage, sold the property therein described to the mortgagee for $175 in cash, he being then and there the highest bidder therefor. The terms of sale, as stated in the advertisement, were "cash on day of sale."

The sale was in ordinary course reported to the court, but before it was finally ratified the mortgagor filed the following exception to its ratification: "G. C. Sunderland excepts to ratification of the sale made and reported in these proceedings, and for reason says that said sale was not so made as to cause the goods sold to bring their proper value,

and that the terms were 'cash on day of sale' when no title could be given until said sale was ratified, which had the effect of deterring others who might have bid on the goods to desist therefrom."

No testimony was offered in support of this exception, and the court, for that reason, after hearing argument, on September 7th, 1922, overruled it and ratified the sale, and in that action we fully concur.

There is no provision in the power of sale contained in the mortgage, nor in the statutes regulating such sales, which prohibits a sale upon the terms set forth in the advertisement, or which creates a presumption that a sale upon such terms is necessarily prejudicial to the mortgagor, and in the absence of such a provison it cannot be held that, as a matter of law, a sale upon such terms is void. *White* v. *Malcolm,* 15 Md. 544; *Powell* v. *Hopkins,* 38 Md. 1; *Ing* v. *Cromwell,* 4 Md. 36.

Whether, therefore, the mortgagor was prejudiced by the terms upon which the property was sold was a matter of fact to be affirmatively proved by the exceptant, for, as was said by JUDGE THOMAS, speaking for this Court in *Forest Lake Cemetery* v. *Baker,* 113 Md. 537: "Where facts are relied on in exceptions to a sale they must be shown by proof, and the burden is on the exceptant to establish them. His affidavit to the exceptions is not sufficient, even when the facts alleged are not denied by an answer." And since no evidence was adduced to support the exception it was properly overruled. *Roberts* v. *Loyola Perpet. Bldg. Assn.,* 74 Md. 7; *O'Sullivan* v. *Buckner,* 107 Md. 36.

*Order affirmed, with costs to the appellee.*