ISIDOR MILLER *v.* LOUIS MITNICK et al., Trustees.
[No. 21, April Term, 1932.]

*Decided June 20th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Samuel Carliner,* with whom was *J. Purdon Wright* on the brief, for the appellant.

*G. Ridgely Sappington,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

On July 21st, 1931, appellant became the purchaser at $12,000 of certain leasehold lots Nos. 708, 710, and 712 North Calhoun Street and 1400 Rice Street, Baltimore, at a foreclosure sale under a mortgage from the Dollar Dry Cleaning Company, Incorporated, to Eleazer Winakur, and deposited $3,000 on account of purchase money. The mortgage debt was about $6,500. Immediately after the sale, on the same day, appellant took an assignment from his brother-in-law, Edward E. Kaplan, of a second mortgage from the said mortgagor to Kaplan for $45,000. After the publication of the usual order *nisi,* the sale was finally ratified on August 24th, 1931, no exceptions having been filed. On August

10th, 1931, Robert J. MacGregor, receiver in bankruptcy of the said mortgagor, filed a petition asking the court to pass an order directing the auditor to allow petitioner the surplus proceeds of sale, which order was passed subject to the usual exceptions. On September 1st, 1931, Isidor Miller filed a petition alleging that he was the holder of said second mortgage, and as such entitled to the surplus proceeds of sale over the balance due on the first mortgage, and prayed the court to pass an order modifying the previous order passed on the receiver's petition, and directing the auditor to allow Miller the surplus proceeds of sale, on which an order was passed as prayed, subject to the usual exceptions.

On September 4th, 1931, the receiver filed exceptions to the order signed on Miller's petition, alleging that said second mortgage filed by Miller was fraudulent and was made in fraud of the creditors of the mortgagor, and that the assignment thereof to Miller was fraudulent and was made in fraud of said creditors, and praying the court to strike out and rescind the order passed on Miller's petition, and to make absolute the order passed on the receiver's petition.

On September 15th, 1931, Louis Mitnick, the trustee in the foreclosure proceedings, filed a petition for resale of the mortgaged premises and chattels, on which an order *nisi* was passed, whereupon Miller and his counsel came into court and stated to the court that Miller would not consummate the sale. On September 29th, 1931, the court passed an order directing the said trustee to resell, at the risk and expense of Isidor Miller, former purchaser, the said mortgaged premises and chattels, "Isidore Miller, and his counsel having been present in open court and stated that the said Isidore Miller would not consummate the sale made to him." Accordingly, under said order, the trustee advertised the property for resale at public auction "at the risk and expense of Isidore Miller, former purchaser" on October 26th, 1931. At said sale the chattels were sold separately piecemeal, and were reported by the trustee as having been sold for $3,473.25, and the sale was finally ratified. The four leasehold lots were reported as sold to Matilda Stevens for $5,650.

Exceptions were filed by the purchaser on the ground that at the time of sale the attorney and agent of the purchaser questioned the trustee about whether or not the ground rent to which each of the four lots was subject was redeemable or irredeemable, and was told by the trustees that each of them was redeemable, and that the purchaser bought the lots relying on the representation; that on an examination of title it was found that three of the rents were irredeemable. The chancellor on December 11th, 1931, sustained the exceptions and set aside the sale.

On December 30th, 1931, Isidor Miller, the appellant, filed a petition, in which he recited the foreclosure sale on July 21st, 1931, at which he became the purchaser of the leasehold property and chattels advertised; that after said sale petitioner was advised that of the items sold several were missing; that petitioner advised the trustee after the sale that he would not take the property and called upon him for a return of his deposit, which the trustee declined to return; that thereafter the trustee, without authority and without right in law or equity, proceeded to resell said property and sold the same on October 26th, 1931; that subsequently the purchaser at the resale excepted to the ratification of the sale, and on said exceptions the sale was set aside; that on or about December 22nd, 1931, petitioner learned that the leasehold properties which were included in said sale, Nos. 708, 710, and 712 North Calhoun Street, were subject to irredeemable ground rents, and also that said properties were subject to a continuing annual charge of thirty-nine dollars payable to the city, which said charge was a lien thereon; that petitioner was entitled to the refund of the $3,000 deposit paid by him by reason of the defective advertisement on which he relied, and improper sale of said property under which he was induced to participate in the bidding, believing that said ground rents on said leasehold property were redeemable; that the resale of said property on October 26th, 1931, was without consent or authority of petitioner and beyond the jurisdiction of the court to authorize; that the court has no jurisdiction under an assent to a decree to direct a resale at the expense

and for the account of petitioner; that the sales on July 21st, 1931, and October 26th, 1931, were improperly and insufficiently advertised.

The prayer of the petitioner was: (1) That an order be passed striking out the order of ratification and sustaining the exceptions in the petition; (2) that the trustee be directed to return the deposit, and petitioner be relieved of any responsibility by reason of the sale to him, and the resale; (3) for general relief. An order *nisi* was passed in accordance with the prayer of the petitioner. On January 11th, 1931, the trustees demurred to the petition on the grounds: (1) That the petition and exceptions do not set forth any facts which entitled petitioner to relief; (2) that exceptions to the ratification of the sale were not filed within the time fixed by the court; (3) that the petition and exceptions do not allege that the petitioner was prevented from objecting in due time to the ratification of the sale by any misrepresentation, surprise, or fraud; (4) that it plainly appears on the face of the petition that petitioner has been guilty of laches. The demurrer was sustained, and the petition and exceptions dismissed by order filed on January 21st, 1932. This appeal is from that order.

We are satisfied there is no merit in the petition and exceptions filed by appellant. The final sale occurred after the order appealed from, and is in no way involved in this appeal.

No exceptions were filed until four months after the ratification of the sale to appellant. The rule is that a decree or decretal order, after enrollment, can be revised or annulled only by a bill of review or original bill and not by petition. But there are exceptions to the rule, which are generally classified as follows: (1) In cases not heard upon the merits; (2) where the circumstances are such as to satisfy the court that the decree should be set aside; (3) where the decree was entered by mistake or surprise. *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 102, 93 A. 431.

The allegations of the petition do not bring it within any of these exceptions. As to the allegation that several of the

items advertised were missing, the allegation is not sufficiently specific; and besides, if the allegation be true, he had the information before the sale was ratified, and there is no reason given for the delay in filing exceptions. As to the failure to designate the ground rents in the advertisement as redeemable or irredeemable, there is no reason given for failure to ascertain the character of the ground rents by examination of the titles within the time allowed for exceptions. As a matter of fact, it appears from the record that the titles were examined by petitioner's attorney before the sale. The attorney must therefore be charged with knowledge of what the record disclosed, and that knowledge is attributable to the petitioner. *O'Sullivan v. Buckner,* 107 Md. 33, 37, 68 A. 356; *Schwind v. Boyce,* 94 Md. 510, 51 A. 45; *Stewart v. Devries,* 81 Md. 525, 32 A. 285.

Petitioner was not injured by failure to call attention in that advertisement to the yearly minor privilege charge of thirty-nine dollars. It was for the privilege of maintaining four five-barrel gasoline tanks, which was not in the advertisement of the original sale. The privilege can be abandoned and the charge terminated.

The allegation that the court had not jurisdiction to order a resale is a legal conclusion of the petitioner, and an erroneous one. Code, art. 16, sec. 239; *Aukam v. Zantzinger,* 94 Md. 421, 51 A. 93; *Middendorf v. Baltimore Refrigerating & Heating Co.,* 117 Md. 23, 82 A. 1047.

We find no error in the order sustaining the demurrer.

The question of the amount of the liability of appellant, or with reference to which of the resales it is to be calculated, is not involved in this appeal.

*Order affirmed, with costs, and case remanded.*